SCANNED
DATE: 2-22-05
BY: CMG

FILED
IN CLERKS OFFICE
2005 FEB 18 P 4: 21
U.S. DISTRICT COURT
DISTRICT OF MASS.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK PREMIUM LITIGATION | MDL Docket No. 1143 |
| MONY Life Insurance Company, Plaintiff, v. PEYTON D. BURFORD, JR., and GERALDINE BURFORD, Defendants. | 04-10311-EFH<br>Civil Action No. 2003-842-CG-L |

**STATEMENT OF MATERIAL FACTS AND
PROCEDURAL HISTORY PURSUANT TO LOCAL RULE 56.1**

All of the facts relevant to the instant motion are as follows:

1. On November 29, 1995, a putative nationwide "vanishing premium" class action entitled *Goshen v. The Mutual Life Insurance Company of New York et al.*, Index No. 95-600466 ("*Goshen*") was commenced in the Commercial Division of the New York State Supreme Court in Manhattan.

2. On June 7, 1996, the New York court issued a decision granting certification of *Goshen* as a nationwide class action. The class ultimately certified included:

> all persons or entities . . . who have, or at the time of the policy's termination had, an interest in one or more whole life or universal life insurance policies issued by Defendants . . . and were harmed due to Defendants' alleged wrongful conduct with respect to the sale of Policies

> on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including December 31, 1995.

Copies of the June 7, 1996 decision granting certification in *Goshen*, together with the original and amended class certification orders entered pursuant thereto, dated August 13, 1996 and December 6, 1996, respectively, are annexed as collective Ex. 1 to the accompanying affirmation of James P. Smith III, dated February 16, 2005 and submitted herewith (the "Smith Aff.").

3. Notice of the certification in *Goshen* was thereafter provided by U.S. mail to the more than 94,000 policyholders nationwide who could be identified through reasonable effort, and to the balance of the class by publication of a copy of the notice in the national editions of the *New York Times* and *USA Today*. True and correct copies of the mailed and publication notices in *Goshen* are annexed as collective Ex. 2 to the Smith Aff. *See* Smith Aff. ¶¶ 3-4.

4. Such notice was found by the New York court to be the "best notice practicable under the circumstances." *See* Smith Aff. Ex. 3 at p. 2.

5. The claims of all *Goshen* class members who, like the plaintiffs herein, purchased their policies outside New York have been dismissed on the merits, with prejudice. *See* Smith Aff., Ex. 4.

6. This Court has held -- three times now -- with respect to members of the *Goshen* class that, under New York's transactional approach to *res judicata,* any claims relating to the purchase of a MONY policy on a so-called "vanishing premium" basis by members of the

*Goshen* class who failed to opt out of the *Goshen* action are barred by *res judicata*.[1] *McLean et al. v. MONY Life Ins. Co.*, (Smith Aff., Ex. 8); *Crook v. Mutual Life Ins. Co. et al.* (Smith Aff., Ex. 9); *Goeke v. Mutual Life Ins. Co.* (Smith Aff., Ex. 10).

7. The instant action was commenced by MONY as a declaratory judgment action in the Southern District of Alabama on December 11, 2003, in response to a letter from counsel for defendants Peyton D. Burford, Jr. and Geraldine Burford (the "Burfords"), in which the Burfords alleged that that, in 1991, they were misled by MONY into purchasing a "vanishing premium" whole life policy on the life of Mr. Burford (Policy No. 13592208) on the "misrepresentation" that "no additional premiums would have to be paid" on the policy in order to keep it in force. *See* Compl. ¶¶ 8-9 (annexed as Ex. 11 to the Smith Aff.).[2] Based on these assertions, the Burfords signaled their intention to sue MONY in the event they were not provided with a paid-up policy, stating that such alleged "misrepresentations" by MONY provide "the basis for a fraud action in Alabama." *Id.* ¶ 10.

8. Accordingly, the Burfords are members of the *Goshen* class.

9. As part of the class certification process in *Goshen*, Mr. Burford, the insured, was mailed a Notice of Pendency of Class Action in a form approved by the *Goshen* court which, among other things, spelled out the procedures for opting out of the class. *See*

---

[1] As noted in MONY's accompanying brief, a more comprehensive discussion of the procedural history of the *Goshen* action and these MDL proceedings can be found in the Statement of Material Facts and Procedural History Pursuant to Local Rule 56.1 in MONY's opening brief in support of its motion for summary judgment in the *McLean* action (pp. 5-18). Copies of that brief, dated July 31, 2003, plaintiffs' opposition thereto, dated August 21, 2003, and MONY's reply brief, dated September 5, 2003, are annexed to the Smith Aff. as Exs. 5-7, respectively.

[2] The case was thereafter transferred to this Court by the Judicial Panel on Multidistrict Litigation.

Smith Aff. ¶ 3. The Burfords did not exercise the right to opt out of the *Goshen* class. *See* Smith Aff. ¶ 5.

Dated: February 18, 2005

MONY LIFE INSURANCE COMPANY,

By its attorneys,

Kathryn K. Conde

Daniel J. Gleason (BBO #194900)
Kathryn K. Conde (BBO #634647)
Members of the Firm
NUTTER, McCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

*Of Counsel:*

Harvey Kurzweil
Richard W. Reinthaler
James P. Smith III
John E. Schreiber
Corinne D. Levy
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019-6092
212 259-8000

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 2.18.05 Kathryn K. Conde

1405437.1