FILED
IN CLERKS OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

2005 FEB 18  P 4: 21

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE MUTUAL LIFE INSURANCE COMPANY OF    :
NEW YORK PREMIUM LITIGATION                   :     MDL Docket No. 1143
                                                       DISTRICT OF MASS.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MONY Life Insurance Company,                   :
                                    Plaintiff, :
                                                  :   Civil Action No. 2003-842-CG-L
                 v.                               :   04-10311- EFH
                                                  :
                                                  :
PEYTON D. BURFORD, JR., and GERALDINE             :
BURFORD,                                          :
                                  Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff MONY Life Insurance Company (formerly The Mutual Life Insurance

Company of New York) ("MONY" or the "Company") respectfully submits this

memorandum of law in support of its motion, pursuant to the Federal Declaratory Judgment

Act, 28 U.S.C. §§2201-2202 and Fed R. Civ. P. 56, for summary judgment (i) declaring that

any claims defendants Peyton D. Burford, Jr. and Geraldine Burford (the "Burfords") might

seek to assert arising out of or in connection with the purchase of MONY life insurance policy

number 13592208 (the "Policy") are barred by New York's transactional approach to *res*

*judicata*; and (ii) permanently enjoining and restraining the Burfords -- and any of their agents,

attorneys, representative, assigns and all other persons claiming by, through or under them --

from instituting suit or prosecuting further against MONY any suit in relation to or on account

of any alleged deceptive sales practices arising out of the purchase of the Policy.[1]

---

[1] The complaint in this action is annexed as Ex. 11 to the accompanying affirmation of James
P. Smith III, dated February 16, 2005 and submitted herewith (the "Smith Aff.").

As set forth in the accompanying Statement of Material Facts and Procedural History Pursuant to Local Rule 56.1 ("56.1 Statement"), the instant action was commenced by MONY as a declaratory judgment action in the Southern District of Alabama on December 11, 2003, in response to a letter from counsel for the Burfords, alleging that, in 1991, the Burfords were misled by MONY into purchasing a "vanishing premium" whole life policy on the life of Mr. Burford on the "misrepresentation" that "no additional premiums would have to be paid" on the policy in order to keep it in force. *See* 56.1 Statement, ¶ 7. Based on these assertions, the Burfords signaled their intention to sue MONY in the event they were not provided with a paid-up policy, stating that such alleged "misrepresentations" by MONY provide "the basis for a fraud action in Alabama." *Id.*

Because the Burfords purchased a whole life policy on a "vanishing premium" basis in 1991, *see* 56.1 Statement, ¶ 7, they are members of an earlier filed, certified nationwide "vanishing premium" class action in New York state court entitled *Goshen v. the Mutual Life Insurance Company of New York, et al.,* Index No. 95-600466 ("*Goshen*"), in which all claims of non-New York purchasers like the Burfords have now been dismissed on the merits, and with prejudice.[2] The Burfords (who purchased their policy in Alabama) did not exercise the right to opt out of the *Goshen* class. *See* 56.1 Statement, ¶ 9; Smith Aff. ¶ 5.

This Court has now held -- three times -- that, under New York's transactional approach to *res judicata*, any and all claims relating to the purchase of a MONY policy on a so-called "vanishing premium" basis by members of the *Goshen* class who failed to opt out

---

[2] For a more comprehensive discussion of the procedural history of the *Goshen* action and these MDL proceedings, we respectfully refer this Court's attention to MONY's Statement of Material Facts and Procedural History Pursuant to Local Rule 56.1 at pp. 5-18 of MONY's opening brief in support of its motion for summary judgment in the *McLean* action. Copies of that brief, dated July 31, 2003, plaintiffs' opposition thereto, dated August 21, 2003, and MONY's reply brief, dated September 5, 2003, are annexed to the Smith Aff. as Exs. 5-7, respectively.

of that action are barred, regardless of whether or not such claims were "actually litigated," and regardless of whether an absent class member received actual notice of the pendency of the *Goshen* action. *See In re Mutual Life Ins. Co. of N.Y. Sales Practices Litig. (McLean et al. v. MONY Life Ins. Co.)*, 295 F. Supp. 2d 140 (D. Mass. 2003); *Crook et al. v. Mutual Life Ins. Co. et al.*, No. 03-11528-EFH (D. Mass. Nov. 16, 2004); *Goeke v. Mutual Life Ins. Co.*, No. 00-11705-EFH (D. Mass. Nov. 16, 2004).[3] In so doing, this Court explicitly recognized that the certification of the *Goshen* action satisfied due process and that the notice provided to class members was the best notice practicable under the circumstances. *See* Smith Aff., Ex. 9 at 4-5. Therefore, this Court granted MONY's motions for summary judgment as to the non-opt-out *Goshen* class members in those cases. The same result is mandated in the instant action.

There can be no genuine dispute that (a) the Burfords are members of the *Goshen* class, (b) written notice of the certification of the *Goshen* class was mailed to Mr. Burford, as the insured, on or about December 16, 1996, at his then-current address as provided to MONY, (c) the Burfords failed to exercise the right to opt-out of the *Goshen* action, (d) any claims the Burfords may assert "arise out of the same transaction or series of transactions" as the claims at issue in *Goshen*. As this Court has repeatedly recognized, that is the beginning and the end of the *res judicata* analysis.

Accordingly, MONY respectfully requests that this Court grant summary judgment in its favor: (i) declaring that any claims the Burfords might seek to assert arising out of or in connection with the purchase of the Policy are barred by New York's transactional approach to *res judicata*; and (ii) permanently enjoining and restraining the Burfords -- and any of their

---

[3] A copy of these decisions are annexed for the Court's convenience as Exs. 9-11 to the Smith Aff.

agents, attorneys, representative, assigns and all other persons claiming by, through or under them -- from instituting suit or prosecuting further against MONY any suit in relation to or on account of any alleged deceptive sales practices arising out of the purchase of the Policy.

Dated: February 18, 2005

MONY LIFE INSURANCE COMPANY,

By its attorneys,

*Kathryn K. Conde*

Daniel J. Gleason (BBO #194900)
Kathryn K. Conde (BBO #634647)
Members of the Firm
NUTTER, McCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

*Of Counsel:*

Harvey Kurzweil
Richard W. Reinthaler
James P. Smith III
John E. Schreiber
Corinne D. Levy
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019-6092
212-259-8000

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

2-18-05  *Kathryn K. Conde*

1405084.1