SUPREME COURT : NEW YORK COUNTY

IAS                 : PART 10

-------------------------------------------X

PAUL A. GOSHEN On Behalf Of Himself
And All Others Similarly Situated,

                          Plaintiff,

               -against-                    INDEX #600466/95-002

                                            Cal. #72 -- 5/21/96
THE MUTUAL LIFE INSURANCE COMPANY OF
NEW YORK and MONY LIFE INSURANCE COMPANY
OF AMERICA,

                          Defendant.

-------------------------------------------X

SHAINSWIT, J.:

         Plaintiff Paul A. Goshen moves to certify the present
action as a class action, with himself as class representative, and
the law firm of Milberg Weiss Bershad Hynes & Lerach LLP as lead
counsel.

         This action is but one of numerous individual and class
actions, brought nationwide, against a number of major insurance
companies, seeking recompense for damages allegedly resulting from
certain insurance selling practices developed in the 1980's to make
the purchase of life insurance policies more attractive to
consumers.

         The present action against The Mutual Life Insurance
Company of New York and MONY Life insurance Company of America
(together "MONY") involves the concept of "vanishing premiums", a
sales device in which customers were allegedly induced to buy life
insurance under the belief that annual premiums would only have to
be paid out in cash for a certain amount of years, before the

dividends and interest earned from the increasing cash value of the policy would be sufficient to cover the yearly cost of the premiums. At that time the insured's responsibility to make further cash outlays to keep the policy current would, it was claimed, cease. Apparently, according to the First Amended Class Action Complaint (the "Complaint"), when the halcyon days of the 1980's ended, interest rates were no longer sufficient to cover the cost of the annual premiums (assuming ever they were), and the plaintiff, and others similarly situated, were compelled to pay substantial sums to keep policies afloat, or else lose the cash value of the policy and the benefits which would have been payable thereunder. The Complaint alleges that the deceptive sales practices were part of a nationwide scheme on MONY's part, "implemented by MONY's development and distribution of numerous uniform false and misleading sales materials, dividend and interest projections, sales scripts and policy illustrations." MONY is accused of distributing "artificially inflated dividend scales and interest crediting rates" as inducements to its customers to buy insurance, in some cases encouraging customers to cash in existing, valuable policies, to be replaced with the new, potentially worthless policies, a practice which allegedly caused many customers to suffer financial loss. The Complaint contains causes of action for fraudulent concealment and deceit, negligent misrepresentation, negligent supervision, breach of contract, breach of fiduciary duty, fraudulent inducement, violations of New York Insurance Law §§ 4226 and 2123, and violation of General

2

Business Law § 349.

Although the parties have carefully briefed the issue of class certification under CPLR 901 and 902, there is really no disagreement between the parties that the case is one ready for certification as a class action. In fact, in the parties' proposed Orders, each admits that the prerequisites of 901[1] and 902[2] have been met. Since the court agrees, certification of the action as a class action is granted.[3]

The real controversy between the parties is whether or

---

[1]CPLR 901(a) requires a showing that (1) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (2) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (3) the claims and defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

[2]CPLR 902 compels the court to consider the following matters in determining whether a class action is appropriate: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the impracticability or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (4) the desirability or undesirability of concentrating the litigation of the claim in the particular forum; and (5) the difficulties likely to be encountered in the management of the class action.

[3]Justice William Schackman, in the Final Order and Judgment settling the class action Willson v. New York Life Insurance Company, 127804/94 (NY Sup. Ct) (1995 N.Y.Misc. Lexis 652) has set forth, in a particularly concise manner, the requirements for class certification in a case alleging substantially similar allegations of a nationwide scheme to induce the purchase of insurance through misleading and deceitful sales practices, as alleged therein against New York Life Insurance.

3

not the class action should be mandatory as to all members of the designated class[4], so as to deprive class members of the opportunity to "opt out" of the action, to litigate their claims individually, or in the context of another class action. It is MONY's position that, under Colt Industries Shareholder Litigation v. Colt Industries Inc., 77 NY2d 185, the potential plaintiffs herein possess no due process right to opt out of an action, such as, allegedly, the present one, which is brought seeking predominantly equitable relief. MONY seeks an order certifying the class which diverges from that proposed by plaintiff mainly in that it (1) makes the class mandatory (i.e., having no right to opt out), (2) dispenses with notice to the class of the pendency of this action, and (3) enjoins all class members from filing, participating in, or continuing to prosecute or defend, any lawsuits in any jurisdiction against MONY, or any related entity, concerning any claims raised in or related to the present suit.[5]

---

[4]The class is defined by the plaintiff in his proposed Order as one consisting of "all persons or entities (the "Class Members") who have, or at the time of the policy's termination had, an ownership interest in one or more whole life, variable life or universal life insurance policies issued by Defendants (the "Policies") and were harmed due to Defendants' wrongful conduct with respect to the sale of Policies on a "vanishing premium" basis and/or through improper replacement activity, during the period from January 1, 1982 through and including December 31, 1995 (the "Class"). MONY's versions departs from the plaintiff's only as to the references to "wrongful" and "improper" conduct.

[5]MONY does not explain how class members can be enjoined from taking action against MONY in any jurisdiction, based on their role as class-plaintiffs herein, who have no notice of the existence of the present action, or their mandatory participation in it.

4

MONY lists several class action suits in several jurisdictions, both state and federal, which have been commenced against it, alleging similar acts of wrongdoing, since the present suit was filed. MONY argues that, in light of these other suits, and the theoretical profusion of new suits in the future, class certification would only be appropriate if membership in the class is mandatory, with no right to opt out, so as to preserve the integrity, and efficiency, of any settlement or judgment entered in the present action.

MONY is also concerned that the final order certifying the class clarify that the claims being raised against MONY are solely claims relating to the concept of a single nationwide fraudulent scheme, orchestrated from MONY's New York headquarters, implemented through "standardized misrepresentations" and deceptive sales practices; what MONY calls "top down" liability, as opposed to "point-of-sale" misdoings by individual sales agents.

### Discussion

In _Colt Industries_, _supra_, the Court of Appeals determined that there is no due process constitutional right to opt out of a class action seeking predominantly equitable relief at the time that the class is certified, so that the trial judge therein did not err in failing to give class members the opportunity to opt out of the class at that time. _Id._ at 196. The opportunity to opt out at the time of settlement, however, presented a different story, as, in _Colt_, the settlement purported to extinguish the monetary, as well as equitable claims of the out-of-State

5

plaintiffs, an outcome which allegedly violated their due process rights under <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797, 811-812 ("If the forum State wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection. The plaintiff must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel").[6]

The plaintiff concedes that certification of a mandatory (i.e. non-opt out) class for purposes of classwide *equitable* relief "is constitutionally permissible and may be factually warranted at this time", but strongly opposes certification of a mandatory class for money damage claims, some of which, it is argued, will survive any equitable settlement.[7]   Plaintiff suggests a split certification, with a mandatory class seeking equitable relief, and a traditional, opt out class for money damages, "subject to further review if and when any party presents a sufficient record to support mandatory class treatment of <u>all</u> claims (emphasis in original)".

The mere fact that it would be constitutionally permissible to certify a mandatory class in an action seeking

---

[6]MONY rather ominously suggests that this aspect of <u>Colt</u> is "seemingly incongruous", but goes no further in this discussion, since the present action is nowhere near settlement.

[7]The plaintiff is particularly concerned with the claims of parties who cancelled their insurance, and purchased new policies, at higher prices, because equitable relief may not suffice to make them whole.

"predominantly" equitable relief at the certification stage (see Colt Industries, supra at 186), does not mean that the court must grant such relief, and, in fact, this court is not inclined to do so. MONY has not convinced this court that the handful of cases which have been brought against it require certification of a mandatory class, or that any judgment or settlement reached in this action will be rendered meaningless by permitting individual members to opt out if they so choose. It is quite possible that persons who might otherwise have commenced individual actions against MONY, or who are now involved in actions in other jurisdictions, will prefer to be members of the present class action instead. The experience in Willson appears to indicate a relatively low percentage of opt-outs, in light of the enormous number of plaintiffs, and this court has not been convinced that a judgment or settlement in the present case will be seriously undermined by allowing persons to opt out of the litigation, regardless of whether they were seeking equitable or legal relief, or a combination of the two.

The court is also concerned with the fact that, as the parties both concede, many of the potential plaintiffs have claims which appear to be, at this time, a mixture of equitable and money claims, and plaintiff has not explained how it would be possible at this time to separate out those parties to whom the choice to opt out should be offered, as opposed to those to whom the choice would be denied. Therefore, a separation into two types of classes, those permitted to opt out, and those whose participation is

7

mandatory, appears, at this time, to be impracticable, and unreasonable. Consequently, the court declines to certify a mandatory class, to whom no notice of the action is required, and, necessarily, declines to enjoin class members from commencing or continuing actions already in progress. Of course, the court's discretion in class actions is very broad, and later events may justify reconsideration of these issues. See Colt Industries, supra at 198 ("CPLR is remarkably flexible and provides for a wide range of procedural and administrative approaches in the handling of class action disputes").

There is also no need to include, in the order certifying the class, language limiting certification to "top down" claims, as appears in MONY's proposed order, because it is the Complaint (which is comprised of just such "top down" claims) which determines the nature of the action and the form of the claims. Plaintiff admits so much in arguing in its Memorandum of Law the practicality of class actions to adjudicate a "single fraudulent scheme" as has been alleged against MONY. MONY's language is, therefore, redundant.

The parties have both offered proposed Orders of certification, which are, to a great extent, identical. The parties agree, for instance, that the law firm of Milberg Weiss Bershad Hynes & Lerach LLP should act as "lead counsel" (although MONY has expressed its reservations concerning the several other firms which have appeared in plaintiff's favor). The parties are directed to prepare orders for settlement which provide for notice

to all class members of the pendency of the case, the form of the notice to be determined between the parties after certification. The order shall not contain any injunction against further or pending suits, nor any language limiting the nature of the claims already contained in the Complaint.   In all other respects, it appears that the parties are in agreement, and shall produce an order reflecting that fact.

Accordingly, the motion seeking class certification is granted.

Settle order.

Dated:    June [illegible] ; 1996.

J. S. C.

9

At IAS Pa... 10 of the Supreme
Court of the State of New York
held in and for the County of
New York, 60 Centre Street,
New York, New York on the
13 day of AUG , 1996.

P R E S E N T :

HON. BEATRICE SHAINSWIT,

Justice.

PAUL A. GOSHEN On Behalf Of
Himself And All Others
Similarly Situated,                        )
                                           )
              Plaintiff,                    )
                                           )
        vs.                                )
                                           )
THE MUTUAL LIFE INSURANCE COMPANY          )   Index No. 95-600466
OF NEW YORK and MONY LIFE                  )
INSURANCE COMPANY OF AMERICA               )   #002
                                           )
              Defendants.                  )

_____

[PROPOSED] ORDER

Upon the submissions of both parties in connection with
Plaintiff's motion for certification of this action as a class
action pursuant to Article 9 of the CPLR, and the authorities
cited therein, and for the reasons set forth in this Court's
memorandum decision dated June 7, 1996, attached hereto as
Exhibit A, this Court makes the following findings:

1.   The prerequisites to class certification under
CPLR 901 have been satisfied in that:

a.   the class is so numerous that joinder of all
members, whether otherwise required or permitted, is
impracticable;

Exhibit A

that there are questions of law or fact common to the class, as defined below, which predominate over any questions affecting only individual members;

c.    the claims or defenses of the representative party are typical of the claims or defenses of the class;

d.    the representative party will fairly and adequately protect the interests of the class; and

e.    a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2.    Pursuant to CPLR 902, the Court has considered the following additional matters and concludes that they favor certification of this action as a class action:

a.    the interest of the members of the class in individually controlling the prosecution or defense of separate actions;

b.    the impracticability or inefficiency of prosecuting or defending separate actions;

c.    the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

d.    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

e.    the difficulties likely to be encountered in the management of a class action.

Based upon the previously referenced submissions of the parties, the authorities cited therein, and the findings set forth above,

IT IS HEREBY ORDERED, pursuant to Article 9 of the CPLR, as follows:

1.    This action shall proceed as a class action, on behalf of a class which shall consist of all persons or entities (the "Class Members") who have, or at the time of the policy's termination had, an ownership interest in one or more whole life, variable life or universal life insurance policies issued by Defendants (the "Policies") and were harmed due to Defendants' alleged wrongful conduct with respect to the sale of Policies on a "vanishing premium" basis as newly issued policies and/or as replacements for existing policies during the period from January 1, 1982 through and including December 31, 1995 (the "Class"). Plaintiff Paul Goshen shall be the Representative for the Class certified herein.

2.    Class members shall receive notice and an opportunity to request exclusion pursuant to CPLR § 904.  The time, content and method of such notice will be determined by subsequent order of the Court.

3.    Within sixty days of entry of an order certifying the Class (or such later date as shall be agreed upon by the parties), the parties shall jointly submit an order containing the form of class notice to be employed and the method of delivery of such notice or settle orders containing the form and

method of delivery of class notice each proposes the Court accept.

4. Excluded from the Class are Defendants, any entities in which either Defendant has a controlling interest or is a parent or subsidiary of or is controlled by either Defendant, the officers, trustees, employees, affiliates, legal representatives, heirs, successors and assigns of either Defendant, and all persons or entities who:

a. entered into a settlement of a claim or an actual or potential lawsuit which validly releases either or both Defendants from any further claims concerning one or more Policies; or

b. owned Policies on which the insured died while the Policy was in force.

5. Pursuant to CPLR 906(1), this action shall proceed as a class action with respect to all common issues raised by the Complaint herein.

6. The law firm of Milberg Weiss Bershad Hynes & Lerach LLP, One Pennsylvania Plaza, 49th Floor, New York, New York 10119-0165 is hereby designated as Lead Counsel for the Class in this action. Lead Counsel shall be responsible for the following:

a. Briefing and arguing motions and filing opposing briefs in proceedings initiated by other parties;

b. Initiating and conducting discovery;

- 4 -

c. Acting as spokesperson at pretrial conferences;

d. Negotiating with Defendants' counsel with respect to settlement and other matters;

e. Conducting trial and post-trial proceedings;

f. Consulting and employing experts;

g. Performing such other duties and undertaking such other responsibilities as they deem necessary or desirable in order to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

h. Assigning tasks to other counsel for plaintiff in this action and any other action that may be consolidated or coordinated with this action; and

i. Coordinating and communicating with Defendants' counsel with respect to matters addressed in this paragraph.



FILED

COUNTY CLERKS OFFICE
AUG 21 1996
NEW YORK

E N T E R:

_____
J.S.C.

At IAS Part 10 of the Supreme
Court of the State of New York
held in and for the County of
New York, 60 Centre Street,
New York, New York on the
6 day of _Dec_ , 1996

P R E S E N T :

    HON. BEATRICE SHAINSWIT,

        Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL A. GOSHEN, On Behalf Of
Himself And All Others
Similarly Situated,

        Plaintiff,

    -against-

                        :  Index No. 95-600466

THE MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK and MONY LIFE INSURANCE
COMPANY OF AMERICA,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x



## AMENDED ORDER

    IT IS HEREBY ORDERED, pursuant to Article 9 of the CPLR, that this Court's Order dated August 13, 1996 (the "Order"), certifying this action as a class action, is amended as follows:

    1.    Paragraph 1 of the Order is amended to read:

    "1.    This action shall proceed as a class action, on behalf of a class which shall consist of all persons or entities (the "Class Members") who have, or at the

time of the policy's termination had, an ownership interest in one or more whole life or universal life insurance policies issued by Defendants (the "Policies") and were harmed due to Defendants' alleged wrongful conduct with respect to the sale of Policies on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including December 31, 1995 (the "Class"). Plaintiff Paul Goshen shall be the Representative for the Class certified herein."

     2.     Paragraph 4 of the Order is amended to read:

     "4.     Excluded from the Class are Defendants, any entities in which either Defendant has a controlling interest or is a parent or subsidiary of or is controlled by either Defendant, the trustees of The Mutual Life Insurance Company Of New York, the directors of MONY Life Insurance Company Of America, and the officers, employees and field underwriters of either Defendant and their current spouses and minor children, and any of their affiliates, legal representatives, heirs, successors and assigns. Also excluded are all persons or entities who:

     (a)   entered into a settlement of a claim or an actual or potential lawsuit concerning one or more Policies which validly releases either or both Defendants from any further claims with respect to any such Policy or were parties to a lawsuit concerning one or more Policies which asserted claims concerning the marketing or sale of any Policy on any "vanishing premium" basis wherein all claims against either or both Defendants with respect to any such Policy were dismissed with prejudice; or

(b) owned one or more Policies on which the insured or insureds died while such Policies were in force."

ENTER:

_____
J.S.C.

BEATRICE SHAINSWIT

FILED

COUNTY CLERK'S OFFICE
NEW YORK

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PAUL A. GOSHEN, On Behalf Of
Himself And All Others
Similarly Situated,

Plaintiff,

vs.

THE MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK and MONY LIFE
INSURANCE COMPANY OF AMERICA,

Defendants.

Index No. 95-600466
IAS Part 10
Justice Shainswit

## NOTICE OF PENDENCY OF CLASS ACTION

TO: ALL PERSONS OR ENTITIES (THE "CLASS MEMBERS") WHO HAVE, OR AT THE TIME OF THE POLICY'S TERMINATION HAD, AN OWNERSHIP INTEREST IN ONE OR MORE WHOLE LIFE OR UNIVERSAL LIFE INSURANCE POLICIES (THE "POLICIES") ISSUED BY THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK AND/OR MONY LIFE INSURANCE COMPANY OF AMERICA (COLLECTIVELY, THE "COMPANY") WHICH WERE SOLD ON AN ALLEGED "VANISHING PREMIUM" BASIS, AS NEWLY ISSUED POLICIES AND/OR AS REPLACEMENTS FOR EXISTING POLICIES, DURING THE PERIOD FROM JANUARY 1, 1982 THROUGH AND INCLUDING DECEMBER 31, 1995 (THE "CLASS").

PLEASE READ THE SECTIONS ENTITLED "DESCRIPTION OF THE LITIGATION" AND "DESCRIPTION OF THE PLAINTIFF CLASS" CAREFULLY; THEY CONTAIN IMPORTANT INFORMATION FOR ASSESSING YOUR ELIGIBILITY FOR CLASS MEMBERSHIP

This Notice is given pursuant to New York Civil Practice Law and Rules 904 and Orders of the Supreme Court of the State of New York, County of New York. The purpose of this Notice is to inform you of the pendency of this class action (the "Action"), how it may affect your rights, and what steps you may take in regard to this case. This Notice is not an expression of an opinion by the Court as to the merits of any of the claims asserted by either side in this litigation.

## DESCRIPTION OF THE LITIGATION

1. Plaintiff, Paul Goshen, instituted this action in 1995 on behalf of all persons and entities who have, or at the time of the policy's termination had, an ownership interest in one or more whole life or universal life insurance policies issued by the Company (the "Policies") which were sold on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including December 31, 1995 (the "Class").

2. The parties in the Action are as follows:

(a) The named plaintiff is Paul Goshen, who has been certified as a representative of the Class as to the claims against the defendants.

(b) The defendants are The Mutual Life Insurance Company Of New York and MONY Life Insurance Company Of America, collectively, the "Company".

3. As set forth more fully in plaintiff's First Amended Class Action Complaint (the "Complaint"), plaintiff seeks injunctive and other equitable relief and/or monetary damages against the defendants in connection with the harm alleged to have been sustained by members of the Class as a result of the sale of so-called "vanishing premium" policies by the Company.

4. Plaintiff alleges, among other things, that the Company, through a single nationwide scheme, orchestrated from the Company's New York headquarters, developed and distributed standardized false and misleading sales materials, dividend and interest projections, sales scripts and policy illustrations, and trained its sales force to make standardized sales presentations which incorporated these materials to sell insurance policies on a "vanishing premium" basis, both as new policies and as replacement policies for current policies. Plaintiff alleges that the sales presentations, illustrations and materials were employed to induce members of the Class to purchase life insurance on the understanding that after the payment or prepayment of a certain number of premiums, the life insurance policy would be "fully paid-up" and/or no additional money would be due "out-of-pocket." As a result, plaintiff alleges, those presentations, illustrations and materials concealed or misrepresented, among other things: (i) the number of out-of-pocket premium payments a policyholder would have to pay for his or her policy, (ii) the cash value and/or benefits a policyholder would realize under his or her policy based on a particular number of cash premium payments, (iii) the amount of dividends or interest a policyholder would receive, and/or (iv) for existing policyholders, the funds that would be withdrawn from current insurance policies to pay the premiums on the new policy.

5. Defendants have answered the Complaint, denied liability and asserted numerous affirmative defenses.

1

6.  Plaintiff moved to certify this action as a class action. The Court granted plaintiff's motion to maintain this action as a class action by Memorandum Decision dated June 7, 1996. An Order certifying this action as a class action was signed by the Court on August 13, 1996, and an Amended Order was signed on December 6, 1996.

## DESCRIPTION OF THE PLAINTIFF CLASS

7.  By Memorandum Decision dated June 7, 1996, by Order dated August 13, 1996 and by Amended Order dated December 6, 1996, the Court determined that the claims asserted against defendants are to be maintained as a class action pursuant to Article 9 of the CPLR on behalf of a class consisting of all persons and entities who have, or at the time of the policy's termination had, an ownership interest in one or more whole life or universal life insurance policies issued by the Company (the "Policies") which were sold on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including December 31, 1995 (the "Class").

8.  Excluded from the Class are defendants, any entities in which either defendant has a controlling interest or is a parent or subsidiary of or is controlled by either defendant, the trustees of The Mutual Life Insurance Company Of New York, the directors of MONY Life Insurance Company Of America, and the officers, employees and field underwriters of either defendant and their current spouses and minor children, and any of their affiliates, legal representatives, heirs, successors and assigns. Also excluded are all persons or entities who:

    (a)  entered into a settlement of a claim or an actual or potential lawsuit concerning one or more Policies which validly releases either or both defendants from any further claims with respect to any such Policy or were parties to a lawsuit concerning one or more Policies which asserted claims concerning the marketing or sale of any Policy on any "vanishing premium" basis wherein all claims against either or both defendants with respect to any such Policy were dismissed with prejudice; or

    (b)  owned one or more Policies on which the insured or insureds died while such Policies were in force.

## YOUR STATUS AS A CLASS MEMBER

9.  (a) If you are a member of the Class, you will be bound by any judgment in the Action, whether favorable or unfavorable. As a member of the Class, you may share in any recovery or relief obtained on behalf of the Class and you will be precluded from prosecuting your claim individually. If judgment is rendered in favor of defendants, members of the Class will be denied any recovery or relief.

    (b)  Counsel for the named plaintiff and the Class are:

Melvyn I. Weiss, Esq.
Barry A. Weprin, Esq.
MILBERG WEISS BERSHAD HYNES & LERACH LLP
One Pennsylvania Plaza
New York, New York 10119-0165

    (c)  If you are and wish to remain a member of the Class, you do not have to take any further steps at this time. You will automatically be a member of the Class, unless you request exclusion in accordance with the procedure set forth in paragraph (e) below.

    (d)  If you are a member of the Class, you have the right to enter an appearance before the Court. If you choose to appear, you or your counsel must file an appearance on or before January 21, 1997, and mail copies of such appearance to all counsel of record. If you choose to retain separate counsel, you must do so at your own expense.

    (e)  Any member of the Class may request to be excluded and not bound by these proceedings. If you do not wish to be included as a Class member, you must ask the Court to exclude you from the Class by mailing a signed letter requesting exclusion to:

Regina L. LaPolla, Esq.                              James P. Smith III, Esq.
MILBERG WEISS BERSHAD HYNES & LERACH LLP    and      DEWEY BALLANTINE
One Pennsylvania Plaza                               1301 Avenue of the Americas
New York, New York 10119-0165                        New York, New York 10019-6092

The request for exclusion must set forth your name, address and the date(s) of your purchase and/or termination of your Policy or Policies, and the number(s) of your Policy or Policies. Such request must be postmarked on or before January 21, 1997. If your request for exclusion is timely mailed, you will be excluded from the Class, and you will not be bound by any judgment, favorable or unfavorable, entered in the Action, and you will not share in the recovery, if any, or be precluded from prosecuting your own claim. Requests for exclusion must be signed by the policyholder or someone who is expressly authorized in writing to sign on behalf of the policyholder and may seek exclusion only with respect to individual claims of specified individuals or entities. TO BE EFFECTIVE A REQUEST FOR EXCLUSION SHOULD IDENTIFY THE POLICY NUMBER OR NUMBERS AS TO WHICH THE REQUEST APPLIES. Persons who do not exclude themselves in the manner described herein will be deemed to have consented to the Court's exercise of jurisdiction over the Class and each member thereof.

    (f)  By remaining in the Class, you will not subject yourself to any obligation to pay the costs of the litigation if you are represented by plaintiff's attorneys herein. All costs and expenses, including attorneys' fees, will be paid from any recovery obtained on behalf of the Class, in which case such payment must be approved by the Court.

## RIGHT TO EXAMINE COURT PAPERS

10. The foregoing description of the Action and other matters described herein does not purport to be comprehensive. Members of the Class are referred to the pleadings and other papers filed in this Action, which are available for inspection by you or your attorneys during regular office hours at the Supreme Court for the State of New York, County of New York, 60 Centre Street, New York, New York. PLEASE DO NOT WRITE OR CALL THE COURT.

## KEEP YOUR ADDRESS CURRENT

11. To assist the Court and the parties in maintaining accurate lists of Class members, you are requested to mail notice of any changes in your address to:

James P. Smith III, Esq.
DEWEY BALLANTINE
1301 Avenue of the Americas
New York, New York 10019-6092

Dated:   New York, New York
         December 6, 1996

By Order of:
THE HONORABLE BEATRICE SHAINSWIT, J.S.C.

3

95 212 L t

Sec D Pg 8

**The New York Times**

229 WEST 43RD STREET • NEW YORK, NY 10036-3959

**CERTIFICATION OF PUBLICATION**

JAN 07 1997

_____ 19 _____

I, __ARLENE MOLLER__ , in my capacity as a Principal Clerk of the Publisher of The New York Times a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on

December 23 19 96

Arlene Moller

Approved:

THIS CERTIFICATION
NOT VALID
WITHOUT KEY NAMED SEAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PAUL A. GOSHEN, On Behalf Of Himself And All Others Similarly Situated,

THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK and MONY LIFE INSURANCE COMPANY OF

Defendants.

TO: ALL PERSONS OR ENTITIES WHO TERMINATION HAD AN OWNERSHIP OR UNIVERSAL LIFE INSURAN MUTUAL LIFE INSURANCE INSURANCE COMPANY OF WERE SOLD ON AVAILABLE POLICIES AND/OR AS REPLA PERIOD FROM JANUARY 1995 (THE "CLASS")

PLEASE TAKE NOTICE that the Honorable Beatrice Shainswit presiding, by Order dated August 13, 1996 that mined that the claims asserted against pursuant to Article 9 of the New York Civil

(1) The Class. The class that has been who have, or at the time of the policy's ter whole life or universal life insurance poli were sold on an alleged "vanishing prem replacements for existing policies, during including December 31, 1995 (the "Class

The Class does not include The Mut MONY Life Insurance Company of Ame nies has a controlling interest or is a po pany, the trustees of The Mutual Life Ins MONY Life Insurance Company of Ame



I, ARLENE MOLLE of the Publisher of **The** circulation printed and **pu** York, hereby certify that **t** in the editions of **The Ne** to wit on

Approved:

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PAUL A. GOSHEN, On Behalf Of
Himself And All Others
Similarly Situated,
                              Plaintiff,

            vs.

THE MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK and MONY LIFE
INSURANCE COMPANY OF AMERICA,
                              Defendants.

Index No. 95-600466
IAS Part 10
Justice Shainswit

TO: ALL PERSONS OR ENTITIES WHO HAVE, OR AT THE TIME OF THE POLICY'S TERMINATION HAD, AN OWNERSHIP INTEREST IN ONE OR MORE WHOLE LIFE OR UNIVERSAL LIFE INSURANCE POLICIES (THE "POLICIES") ISSUED BY THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK AND/OR MONY LIFE INSURANCE COMPANY OF AMERICA (COLLECTIVELY, THE "COMPANY") WHICH WERE SOLD ON AN ALLEGED "VANISHING PREMIUM" BASIS, AS NEWLY ISSUED POLICIES AND/OR AS REPLACEMENTS FOR EXISTING POLICIES, DURING THE PERIOD FROM JANUARY 1, 1982 THROUGH AND INCLUDING DECEMBER 31, 1995 (THE "CLASS").

PLEASE TAKE NOTICE that the Supreme Court of the State of New York, the Honorable Beatrice Shainswit presiding, has by Memorandum Decision dated June 7, 1996, by Order dated August 13, 1996 and by Amended Order dated December 6, 1996, determined that the claims asserted against defendants are to be maintained as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

   (1) The Class. The class that has been certified is comprised of all persons and entities who have, or at the time of the policy's termination had, an ownership interest in one or more whole life or universal life insurance policies issued by the Company (the "Policies") which were sold on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including December 31, 1995 (the "Class").

   The Class does not include The Mutual Life Insurance Company Of New York and/or MONY Life Insurance Company Of America or any entities in which either of those companies has a controlling interest or is a parent or subsidiary of or is controlled by either company, the trustees of The Mutual Life Insurance Company Of New York, the directors of MONY Life Insurance Company Of America or the officers, employees and field underwriters of either company and their current spouses and minor children, any of their affiliates, legal representatives, heirs, successors and assigns, or any persons or entities who (i) entered into a settlement of a claim or an actual or potential lawsuit concerning one or more Policies which validly releases either or both of the aforementioned companies from any further claims with respect to any such Policy or were parties to a lawsuit concerning one or more Policies which asserted claims concerning the marketing or sale of any Policy on any "vanishing premium" basis wherein all claims against either or both companies with respect to any such Policy were dismissed with prejudice; or (ii) owned one or more Policies on which the insured or insureds died while such Policies were in force.

   (2) Choices and Deadlines for Class Members. If you are a Class Member, you have the following choices with respect to each Policy issued during the Class Period in which you have an ownership interest:

      You may remain in the Class. If this is what you choose to do, you need not take any action at this time. Your interests will be represented without cost to you by the law firm of Milberg Weiss Bershad Hynes & Lerach, LLP, which is acting as lead counsel for the Class. You should keep in mind that, if you remain in the Class, whether favorable or unfavorable, and you will not be able to maintain, continue or commence any other claim, lawsuit or proceeding against the Company relating to the Policies. You may, if you desire, retain your own separate counsel at your own expense, but you are not required to do so.

      You may exclude yourself from the Class by sending a formal written request for exclusion with respect to each Policy for which you wish to be excluded that complies with the requirements described in the Notice of Pendency (see paragraph 3 below). The request must be sent to Regina L. LaPolla, Esq. at MILBERG WEISS BERSHAD HYNES & LERACH LLP, One Pennsylvania Plaza, New York, New York 10119, and James P. Smith III, Esq. at DEWEY BALLANTINE, 1301 Avenue of the Americas, New York, New York 10019, and must be postmarked by no later than January 21, 1997. If you request exclusion, you will be excluded from the Class, and you will not be bound by any judgment, favorable or unfavorable, entered in the Action, and you will not share in the recovery, if any, or be precluded from prosecuting your own claim.

      (3) Further Information. If you wish to obtain a copy of the Notice of Pendency, please call plaintiff's Mutual of New York Class Action Information line at 1-800-675-9495. DO NOT TELEPHONE THE COURT OR THE CLERK OF THE COURT.



THE NATION'S NEWSPAPER

MARKETPLACE TODAY
1000 WILSON BOULEVARD
ARLINGTON, VA 22229
(703) 276-6356

NO. 1 IN THE USA

GANNETT

## VERIFICATION OF PUBLICATION

**STATE OF VIRGINIA**
**COUNTY OF ARLINGTON**

Being duly sworn Venus D. Bradley, says that she is the principal clerk of the claimant, and is duly authorized by claimant to make this affidavit, and is fully acquainted with the facts stated herein: on Tuesday, December 24, 1996 advertisement Supreme Court of The State of New York County of New York Paul A. Goshen vs. The Mutual Life Insurance Company of New York and Mony Life Insurance Company of America Index No. 95-600466 was published.

Principal Clerk of USA TODAY
December 31, 1996

Subscribed and sworn to before me
this _3/_ day of _12th_ month
_1996_ year.

Notary Public

Case 1:04-cv-10311-EFH    Document 18-2    Filed 02/18/2005    Page 26 of 30

e a big boost for the company's  
ings, Filandro says. Fourth-quar-  
earnings for Limited are project-  
to be 40% higher than last year.  
that has left the last-minute shop-  
r with less to choose from. In short  
pply late in the season: holiday  
is and greens.

▶ **Lands' End**. Last holiday sea-  
1, the catalog company spent time  
d money unloading unsold cloth-  
through clearance sales. This  
ar, it battles the opposite problem.  
O Michael Smith says a surge of  
iers in early fall left the company  
th leaner-than-expected inven-  
ies for the Christmas rush. In  
xt supply: fleece. The popular  
ater fabric has sold well all season,  
ith says. Sold out: a Lands' End-  
ly cashmere sweater — at $395

even if it's not the  
very thing you and in  
mind. "If it's   c. 24  
and you've got a rag-  
ing 4-year-old at  
home, you are buy-  
ing," he says. "Are  
you mad at Target be-  
cause they didn't  
have any Nintendo  
64s? Sure. For about a  
minute. Then you are buying some-  
thing else. It's Christmas. You have no  
choice. And the retailers know that."

**Tough lesson**

Retail consultant Kurt Barnard  
says merchants are hoping this sea-  
son will train shoppers to turn out  
earlier next year. But, Barnard says,

## You have no choice. And the retailers know that.

— Peter Glen

July.' But it will take  
more thr    e season  
to retrain   .nsumers.  
Retailers have more  
work to do."

But be warned: Af-  
ter watching so many  
competitors go out of  
business, merchants  
will continue to plan  
strategies that boost  
the bottom line and please share-  
holders. The era of tough love will  
stretch beyond this one season.

"Customers aren't loyal to stores  
any more. They can't expect stores  
to be loyal either," says Davidowitz.  
"This is a bottom-line world. This is  
rational, bottom-line oriented inven-  
tory management at work. Get used  
to it."

---

LEGAL NOTICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PAUL A. GOSHEN, On Behalf Of
Himself And All Others
Similarly Situated,

Plaintiff,

vs.

THE MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK and MONY LIFE
INSURANCE COMPANY OF AMERICA,

Defendants.

Index No. 95-600466
IAS Part 10
Justice Shainswil

**TO:** ALL PERSONS OR ENTITIES WHO HAVE, OR AT THE TIME OF THE POLICY'S TERMINATION HAD, AN OWNERSHIP INTEREST IN ONE OR MORE WHOLE LIFE OR UNIVERSAL LIFE INSURANCE POLICIES (THE "POLICIES") ISSUED BY THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK AND/OR MONY LIFE INSURANCE COMPANY OF AMERICA (COLLECTIVELY, THE "COMPANY") WHICH WERE SOLD ON AN ALLEGED "VANISHING PREMIUM" BASIS, AS NEWLY ISSUED POLICIES AND/OR AS REPLACEMENTS FOR EXISTING POLICIES, DURING THE PERIOD FROM JANUARY 1, 1982 THROUGH AND INCLUDING DECEMBER 31, 1995 (THE "CLASS").

PLEASE TAKE NOTICE that the Supreme Court of the State of New York, the Honorable Beatrice Shainswil presiding, has by Memorandum Decision dated June 7, 1996, by Order dated August 19, 1996 and by Amended Order dated December 6, 1996, determined that the claims asserted against defendants are to be maintained as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

(1) The Class. The class that has been certified is comprised of all persons and entities who have, or at the time of the policy's termination had, an ownership interest in one or more whole life or universal life insurance policies issued by the Company (the "Policies") which were sold on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including December 31, 1995 (the "Class").

The Class does not include The Mutual Life Insurance Company Of New York and/or MONY Life Insurance Company Of America or any entities in which either of those companies has a controlling interest or is a parent or subsidiary of or is controlled by either company, the trustees of The Mutual Life Insurance Company Of New York, the directors of MONY Life Insurance Company Of America or the officers, employees and field underwriters of either company and their current spouses and minor children, any of their affiliates, legal representatives, heirs, successors and assigns, or any persons or entities who (i) entered into a settlement of a claim or an actual or potential lawsuit concerning one or more Policies which validly releases either or both of the aforementioned companies from any further claims with respect to any such Policy or were parties to a lawsuit concerning one or more Policies which asserted claims concerning the marketing or sale of any Policy on any "vanishing premium" basis wherein all claims against either or both companies with respect to any such Policy were dismissed with prejudice; or (ii) owned one or more Policies on which the insured or insureds died while such Policies were in force.

(2) Choices and Deadlines for Class Members. If you are a Class Member, you have the following choices with respect to each Policy issued during the Class Period in which you have an ownership interest:

You may remain in the Class. If this is what you choose to do, you need not take any action at this time. Your interests will be represented without cost to you by the law firm of Milberg Weiss Bershad Hynes & Lerach, LLP, which is acting as lead counsel for the Class. You should keep in mind that, if you remain in the Class, you will be bound by all orders and judgments entered in this case, whether favorable or unfavorable, and you will not be able to maintain, continue or commence any other claim, lawsuit or proceeding against the Company relating to the Policies. You may, if you desire, retain your own separate counsel at your own expense, but you are not required to do so.

You may exclude yourself from the Class by sending a formal written request for exclusion with respect to each Policy for which you wish to be excluded that complies with the requirements described in the Notice of Pendency (see paragraph 3 below). The request must be sent to Regina L. LaPolla, Esq. at MILBERG WEISS BERSHAD HYNES & LERACH LLP, One Pennsylvania Plaza, New York, New York 10119, and James P. Smith III, Esq. at DEWEY BALLANTINE, 1301 Avenue of the Americas, New York, New York 10019, and must be postmarked by no later than January 21, 1997. If you request exclusion, you will be excluded from the Class, and you will not be bound by any judgment, favorable or unfavorable, entered in the Action, and you will not share in the recovery, if any, or be precluded from prosecuting your own claim.

(3) Further Information. If you wish to obtain a copy of the Notice of Pendency, please call plaintiff's Mutual of New York Class Action Information Line at 1-800-675-9495. DO NOT TELEPHONE THE COURT OR THE CLERK OF THE COURT.

Clerk of the Court

## SUPPLEMENT TO NOTICE

### IMPORTANT -- YOUR RIGHT AS A POTENTIAL CLASS MEMBER TO ENTER A NOTICE OF APPEARANCE OR REQUEST EXCLUSION FROM THIS CLASS ACTION IS HEREBY MODIFIED AS DESCRIBED BELOW:

You are one of a limited number of recipients of this Supplemental Notice of the pendency of the class action lawsuit entitled Paul A. Goshen, On Behalf Of Himself And All Others Similarly Situated v. The Mutual Life Insurance Company of New York and MONY Life Insurance Company of America, Index No. 95-600466, Supreme Court of the State of New York, County of New York (Shainswit, J.), who either (a) were identified by the parties subsequent to the initial mailing of the Notice of Pendency of Class Action (the "Notice of Pendency"), through their respective toll-free numbers or otherwise, or (b) were sent a copy of the original Notice of Pendency which was returned as undeliverable, and for whom the Company has subsequently been able to locate a more current address.

Enclosed herewith is a copy of the original Notice of Pendency sent to potential class members in this action. Please note that paragraphs 9(d) and (e) provide that class members desiring to enter an appearance or request exclusion must do so on or before January 21, 1997. For the recipients of this Supplemental Notice, the time to enter an appearance or to request exclusion from the Class in this action has been extended to March 5, 1997. With the exception of the aforementioned extension of time, all other provisions of the original Notice of Pendency enclosed herewith, including but not limited to the procedures to be followed in requesting exclusion from the Class, remain fully applicable to the recipients of this Supplement to Notice.

This extension of time applies to recipients of this Supplemental Notice only. For all other class members, the time to enter an appearance or to request exclusion from the Class expired on January 21, 1997.

S...REME COURT OF THE STATE OF NEW Y...K
COUNTY OF NEW YORK

PAUL A. GOSHEN, On Behalf Of
Himself And All Others
Similarly Situated,

Plaintiff,

vs.

THE MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK and MONY LIFE
INSURANCE COMPANY OF AMERICA,

Defendants.

Index No. 95-600466
IAS Part 10
Justice Shainswit

## NOTICE OF PENDENCY OF CLASS ACTION

TO: ALL PERSONS OR ENTITIES (THE "CLASS MEMBERS") WHO HAVE, OR AT THE TIME OF THE POLICY'S TERMINATION HAD, AN OWNERSHIP INTEREST IN ONE OR MORE WHOLE LIFE OR UNIVERSAL LIFE INSUR-ANCE POLICIES (THE "POLICIES") ISSUED BY THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK AND/OR MONY LIFE INSURANCE COMPANY OF AMERICA (COLLECTIVELY, THE "COMPANY") WHO WERE SOLD ON AN ALLEGED "VANISHING PREMIUM" BASIS, AS NEWLY ISSUED POLICIES AND/OR AS REPLACE-MENTS FOR EXISTING POLICIES, DURING THE PERIOD FROM JANUARY 1, 1982 THROUGH AND INCLUDING DECEMBER 31, 1995 (THE "CLASS").

PLEASE READ THE SECTIONS ENTITLED "DESCRIPTION OF THE LITIGATION" AND "DESCRIPTION OF THE PLAINTIFF CLASS" CAREFULLY; THEY CONTAIN IMPORTANT INFORMATION FOR ASSESSING YOUR ELIGI-BILITY FOR CLASS MEMBERSHIP

This Notice is given pursuant to New York Civil Practice Law and Rules 904 and Orders of the Supreme Court of the State of New York, County of New York. The purpose of this Notice is to inform you of the pendency of this class action (the "Action"), how it may affect your rights, and what steps you may take in regard to this case. This Notice is not an expression of an opinion by the Court as to the merits of any of the claims asserted by either side in this litigation.

## DESCRIPTION OF THE LITIGATION

1.  Plaintiff, Paul Goshen, instituted this action in 1995 on behalf of all persons and entities who have, or at the time of the policy's termination had, an ownership interest in one or more whole life or universal life insurance policies issued by the Company (the "Policies") which were sold on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including December 31, 1995 (the "Class").

2.  The parties in the Action are as follows:

    (a) The named plaintiff is Paul Goshen, who has been certified as a representative of the Class as to the claims against the defendants.

    (b) The defendants are The Mutual Life Insurance Company Of New York and MONY Life Insurance Company Of America, collectively, the "Company".

3.  As set forth more fully in plaintiff's First Amended Class Action Complaint (the "Complaint"), plaintiff seeks injunctive and other equitable relief and/or monetary damages against the defendants in connection with the harm alleged to have been sustained by members of the Class as a result of the sale of so-called "vanishing premium" policies by the Company.

4.  Plaintiff alleges, among other things, that the Company, through a single nationwide scheme, orchestrated from the Company's New York headquarters, developed and distributed standardized false and misleading sales materials, dividend and interest projections, sales scripts and policy illustrations, and trained its sales force to make standardized sales presentations which incorporated these materi-als to sell insurance policies on a "vanishing premium" basis, both as new policies and as replacement policies for current policies. Plaintiff alleges that the sales presentations, illustrations and materials were employed to induce members of the Class to purchase life insurance on the understanding that after the payment or prepayment of a certain number of premiums, the life insurance policy would be "fully paid-up" and/or no additional money would be due "out-of-pocket." As a result, plaintiff alleges, those presentations, illustrations and materials concealed or misrepresented, among other things: (i) the number of out-of-pocket premium payments a policyholder would have to pay for his or her policy, (ii) the cash value and/or benefits a policyholder would realize under his or her policy based on a particular number of cash premium payments, (iii) the amount of dividends or interest a policyholder would receive, and/or (iv) for existing policy-holders, the funds that would be withdrawn from current insurance policies to pay the premiums on the new policy.

5.  Defendants have answered the Complaint, denied liability and asserted numerous affirmative defenses.

1

6. Plaintiff moved to certify this action as a class action. The Court granted plaintiff's motion to maintain this action as a class action by Memorandum Decision dated June 7, 1996. An Order certifying this action as a class action was signed by the Court on August 13, 1996, and an Amended Order was signed on December 6, 1996.

## DESCRIPTION OF THE PLAINTIFF CLASS

7. By Memorandum Decision dated June 7, 1996, by Order dated August 13, 1996 and by Amended Order dated December 6, 1996, the Court determined that the claims asserted against defendants are to be maintained as a class action pursuant to Article 9 of the CPLR on behalf of a class consisting of all persons and entities who have, or at the time of the policy's termination had, an ownership interest in one or more whole life or universal life insurance policies issued by the Company (the "Policies") which were sold on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including December 31, 1995 (the "Class").

8. Excluded from the Class are defendants, any entities in which either defendant has a controlling interest or is a parent or subsidiary of or is controlled by either defendant, the trustees of The Mutual Life Insurance Company Of America, and the officers, employees and field underwriters of either defendant and their current spouses and minor children, and any of their affiliates, legal representatives, heirs, successors and assigns. Also excluded are all persons or entities who:

(a) entered into a settlement of a claim or an actual or potential lawsuit concerning one or more Policies which validly releases either or both defendants from any further claims with respect to any such Policy or were parties to a lawsuit concerning one or more Policies which asserted claims concerning the marketing or sale of any Policy on any "vanishing premium" basis wherein all claims against either or both defendants with respect to any such Policy were dismissed with prejudice; or

(b) owned one or more Policies on which the insured or insureds died while such Policies were in force.

## YOUR STATUS AS A CLASS MEMBER

9. (a) If you are a member of the Class, you will be bound by any judgment in the Action, whether favorable or unfavorable. As a member of the Class, you may share in any recovery or relief obtained on behalf of the Class and you will be precluded from prosecuting your claim individually. If judgment is rendered in favor of defendants, members of the Class will be denied any recovery or relief.

(b) Counsel for the named plaintiff and the Class are:

Melvyn I. Weiss, Esq.
Barry A. Weprin, Esq.
MILBERG WEISS BERSHAD HYNES & LERACH LLP
One Pennsylvania Plaza
New York, New York 10119-0165

(c) If you are and wish to remain a member of the Class, you do not have to take any further steps at this time. You will automatically be a member of the Class, unless you request exclusion in accordance with the procedure set forth in paragraph (e) below.

(d) If you are a member of the Class, you have the right to enter an appearance before the Court. If you choose to appear, you or your counsel must file an appearance on or before January 21, 1997, and mail copies of such appearance to all counsel of record. If you choose to retain separate counsel, you must do so at your own expense.

(e) Any member of the Class may request to be excluded and not bound by these proceedings. If you do not wish to be included as a Class member, you must ask the Court to exclude you from the Class by mailing a signed letter requesting exclusion to:

Regina L. LaPolla, Esq.
MILBERG WEISS BERSHAD HYNES & LERACH LLP    and
One Pennsylvania Plaza
New York, New York 10119-0165

James P. Smith III, Esq.
DEWEY BALLANTINE
1301 Avenue of the Americas
New York, New York 10019-6092

The request for exclusion must set forth your name, address and the date(s) of your purchase and/or termination of your Policy or Policies, and the number(s) of your Policy or Policies. Such request must be postmarked on or before January 21, 1997. If your request for exclusion is timely mailed, you will be excluded from the Class, and you will not be bound by any judgment, favorable or unfavorable, entered in the Action, and you will not share in the recovery, if any, or be precluded from prosecuting your own claim. Requests for exclusion must be signed by the policyholder or someone who is expressly authorized in writing to sign on behalf of the policyholder and may seek exclusion only with respect to individual claims of specified individuals or entities. TO BE EFFECTIVE A REQUEST FOR EXCLUSION SHOULD IDENTIFY THE POLICY NUMBER OR NUMBERS AS TO WHICH THE REQUEST APPLIES. Persons who do not exclude themselves in the manner described herein will be deemed to have consented to the Court's exercise of jurisdiction over the Class and each member thereof.

(f) By remaining in the Class, you will not subject yourself to any obligation to pay the costs of the litigation if you are represented by plaintiff's attorneys herein. All costs and expenses, including attorneys' fees, will be paid from any recovery obtained on behalf of the Class, in which case such payment must be approved by the Court.

2

### RIGHT TO EXAMINE COURT PAPERS

10. The foregoing description of the Action and other matters described herein does not purport to be comprehensive. Members of the Class are referred to the pleadings and other papers filed in this Action, which are available for inspection by you or your attorneys during regular office hours at the Supreme Court for the State of New York, County of New York, 60 Centre Street, New York, New York. PLEASE DO NOT WRITE OR CALL THE COURT.

### KEEP YOUR ADDRESS CURRENT

11. To assist the Court and the parties in maintaining accurate lists of Class members, you are requested to mail notice of any changes in your address to:

James P. Smith III, Esq.
DEWEY BALLANTINE
1301 Avenue of the Americas
New York, New York 10019-6092

Dated:   New York, New York
         December 6, 1996


By Order of:
THE HONORABLE BEATRICE SHAINSWIT, J.S.C.

3