At IAS Part 10 of the Supreme Court of the State of New York held in and for the County of New York, 60 Centre Street, New York, New York on the ___ day of _____, 1996

PRESENT:

HON. BEATRICE SHAINSWIT,

Justice.

---------------------------------x

PAUL A. GOSHEN, On Behalf Of
Himself And All Others
Similarly Situated,

    Plaintiff,

-against-    :   Index No. 95-600466

THE MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK and MONY LIFE INSURANCE
COMPANY OF AMERICA,

    Defendants.

---------------------------------x

## ORDER PROVIDING FOR NOTICE TO THE CLASS

WHEREAS this action has been certified as a class action under CPLR Article 9 by Memorandum Decision dated June 7, 1996 and by Order dated August 13, 1996 as amended November 14, 1996;

AND WHEREAS this Court's Order dated August 13, 1996 provides that members of the Class shall receive notice of the class action pursuant to CPLR 904, and

that the time, content and method of such notice will be determined by subsequent order of the Court;

AND WHEREAS the Court finds that it is not possible to identify each individual member of the Class based upon defendants' books and records, and that the best notice practicable under the circumstances therefore would be a combination of notice by publication and individual notice to the individuals and entities identified from policyholder records maintained by defendants as described in the affidavit of Anthony F. Recine, sworn to on November 14, 1996, annexed as Exhibit A hereto;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The form and content of the notice mailed to the individuals and entities identified from the defendants' books and records as described in Exhibit A shall conform with Exhibit B hereto (the "Mailed Notice"). The form and content of the notice to be published in the national editions of USA Today and The New York Times shall conform with Exhibit C hereto (the "Published Notice"). The Mailed Notice and the Published Notice are referred to collectively herein as the "Notice."

2. Upon entry of this Order, counsel for defendants shall promptly, but in no event later than 10 days thereafter, provide plaintiff's counsel with a list of those persons to whom individual notice is to be sent, and shall provide mailing labels for such persons to the printer selected by plaintiff's counsel to print and mail the notice.

3. Promptly upon receipt by the printer of the mailing labels referred to in paragraph 2 above, and in no event later than 5 business days thereafter, plaintiff's

counsel shall cause the Mailed Notice to be sent through the United States mail to each person or entity on the list referred to in paragraph 2 above.

4. As soon as practicable, but in no event later than 15 business days after entry of this Order, plaintiff's counsel shall cause the Published Notice to appear in the national editions of USA Today and The New York Times.

5. Within forty-five (45) days after mailing of the Mailed Notice as set forth in paragraph 3 above and the publication of the Published Notice as set forth in paragraph 4 above, counsel for plaintiff shall cause an affidavit or affidavits to be filed with the Clerk of the Court and served upon counsel for the parties to evidence the fact that the printed Mailed Notice was mailed and the Published Notice was published. Counsel for plaintiff shall maintain in confidence a list or lists of all persons, identified by name, to whom the Mailed Notice was mailed, and identifying, to the best of counsel's knowledge, those instances where the Notice was returned to sender, which list shall be made available to the Court upon request.

6. Defendants shall bear the expense of searching for and compiling the list of notice recipients referred to in paragraph 2 above. Plaintiff shall bear all other expenses, including the expense of printing the Mailed Notice and of postage required to mail the Notice. Plaintiff shall also bear the expense of placing the Published Notice.

7. The Court approves the form of Notice and finds that the publication, mailing and distribution of such notice substantially in the manner and form set forth in this Order meet the requirements of Article 9 of the Civil Practice Laws and Rules and

due process and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. The deadline for requests for exclusion pursuant to CPLR § 904 as set forth in the Notice shall be forty-five (45) days after entry of this Order. Within thirty (30) days of the expiration of the deadline for such requests, counsel for the plaintiff and defendants shall compile a list of the persons requesting exclusion, including such other information as each person requesting exclusion is required to provide.

9. In the event that, at some future time, plaintiff obtains leave to amend the complaint, any such amendment shall be applicable to the Class and no additional notice need be given to the Class concerning such amendment.

ENTER: _____
J. S. C.

BEATRICE SHAINSWIT



To:  MILBERG WEISS BERSHAD
HYNES & LERACH LLP
One Pennsylvania Plaza
New York, New York  10119
Lead Counsel for the Class

-and-

DEWEY BALLANTINE
1301 Avenue of the Americas
New York, New York  10019
Attorneys for Defendants
The Mutual Life Insurance Company
of New York and MONY Life Insurance
Company of America

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------x
PAUL A. GOSHEN, on behalf of himself and all others : similarly situated,

                Plaintiff,

-against-

THE MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK and MONY LIFE INSURANCE
COMPANY OF AMERICA,

                Defendants.
------------------------------------x

IAS Part 10
(Justice Shainswit)
Index No. 95-600466

## JUDGMENT

    Defendants The Mutual Life Insurance Company Of New York and MONY Life Insurance Company Of America having moved this Court for an order granting summary judgment dismissing the First Amended Class Action Complaint (the "Complaint") in its entirety, with respect to the claims of Plaintiff and Class Representative Paul A. Goshen and the entire plaintiff Class herein, as described in the Court's Order dated August 13, 1996 certifying this action as a class action and Amended Order dated December 6, 1996, and consisting of all persons or entities who have, or at the time of the policy's termination had, an ownership interest in one or more whole life or universal life insurance policies issued by Defendants (the "Policies") and were harmed due to Defendants' alleged wrongful conduct with respect to the sale of Policies on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including

December 31, 1995, exclusive of Defendants, any entity in which either Defendant has a controlling interest or is a parent or subsidiary of or is controlled by either Defendant, the trustees of The Mutual Life Insurance Company of New York, the directors of MONY Life Insurance Company of America, and the officers, employees and field underwriters of either Defendant and their current spouses and minor children, and any of their affiliates, legal representatives, heirs, successors and assigns, and all persons or entities who:

(a) entered into a settlement of a claim or an actual or potential lawsuit concerning one or more Policies which validly releases either or both Defendants from any further claims with respect to any such Policy or were parties to a lawsuit concerning one or more Policies which asserted claims concerning the marketing or sale of any Policy on any "vanishing premium" basis wherein all claims against either or both Defendants with respect to any such Policy were dismissed with prejudice; or

(b) owned one or more Policies on which the insured or insureds died while such Policies were in force; or

(c) executed a timely request for exclusion from the class pursuant to the terms and conditions of the Notice Of Pendency Of Class Action, approved by Orders of the Court filed December 6, 1996 (Order Providing For Notice To The Class), and February 7, 1997 (Order Providing For Supplemental Notice);

AND that motion having come on regularly to be heard;

AND the Court having rendered its Memorandum Decision and Order entered on October 24, 1997;

NOW, on motion of Dewey Ballantine LLP,

IT IS HEREBY ADJUDGED that the Complaint ~~in this action, and each and every cause of action asserted therein,~~ is dismissed in its entirety with prejudice on the merits as to Defendants The Mutual Life Insurance Company Of New York and MONY Life Insurance Company Of America; and it is further

ADJUDGED that Defendants The Mutual Life Insurance Company Of New York and MONY Life Insurance Company Of America, having their executive offices located at 1740 Broadway, New York, New York 10019, recover of Plaintiff Paul A. Goshen, residing at 4212 Euclid Avenue, Tampa, Florida, $275.00 as their costs and disbursements and that Defendants have execution therefor.

Dated: New York, New York
October 29, 1997

_Norman Goodman_
Clerk

**FILED**
OCT 24 1997
COUNTY CLERK'S OFFICE
NEW YORK