UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIVED

AUG 2 5 2003

D.J.G.

| | |
|---|---|
| IN RE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK PREMIUM LITIGATION ) ) ) | MDL Docket No. 1143 |
| WILLIAM J. McLEAN, NAOMI DRISCOLL and ROGER K. BROWN and THOMAS C. BROWN, TRUSTEES OF THE RICHARD L. BROWN IRREVOCABLE TRUST NO. 2, DTD 3/17/90, individually and on behalf of all others similarly situated, ) ) ) ) ) ) ) | |
| Plaintiffs ) ) | C.A. No. 96-10411-EFH |
| v. ) ) | |
| MONY LIFE INSURANCE COMPANY F/K/A MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, ) ) ) ) | |
| Defendant. ) ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

David Pastor (BBO # 391000)
Douglas M. Brooks (BBO #058580)
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Tel.: (781) 231-7850

Ronald L. Futterman
William T. Thomas
FUTTERMAN HOWARD, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Tel.: (312) 427-3600

00000339.WPD ; 1

TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      THE STANDARD FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     THE DEFENDANT HAS NOT COMPLIED WITH THE PROVISIONS OF
        LOCAL RULE 56.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    THE CLAIMS OF THE MASSACHUSETTS PLAINTIFFS ARE NOT BARRED
        BY RES JUDICATA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.      General Principles Applicable to *Res Judicata* . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.      The Judgments and Orders in *Goshen* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        C.      There Has Been No Final Classwide Judgment in the New
                York Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        D.      The Dismissal of Goshen's Claims Did Not Moot the Class Claims . . . . . . . . 13

        E.      Res Judicata Does Not Bar Non-New York Residents From Prosecuting
                Non-New York Statutory Consumer Protection Claims Because They
                Did Not Have a Full and Fair Opportunity to Litigate Such Claims . . . . . . . . . 15

        F.      The Class Notice in *Goshen* Did Not Warn Non-New York Plaintiffs
                That GBL § 349 Could Only Be Raised by New York Residents . . . . . . . . . . . 18

IV.     THE CLAIMS OF THE MASSACHUSETTS PLAINTIFFS ARE NOT
        SUBJECT TO DISMISSAL ON ANY OF MONY'S ALTERNATIVE GROUNDS . . 20

V.      THE CLAIMS OF THE BROWNS SHOULD NOT BE DISMISSED ON SUMMARY
        JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

        A.      Defendant Has Not Met Its Burden for Summary Judgment on the
                Browns' ICFA Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

        B.      No Statute of Limitations Bars the Browns' ICFA Claim . . . . . . . . . . . . . . . . 26

C.   Defendant's Class Allegation Argument Is Premature And Should
     Be Ignored .................................................... 27

TABLE OF AUTHORITIES

**CASES**

*Adams v. Hirsch*, 29 Misc.2d 641, 214 N.Y.S.2d 796 (Sup.Ct., Queens Cty., 1961) . . . . . . . . . 15

*Alster v. Alster*, 159 A.D.2d 671, 552 N.Y.S.2d 968 (Sup.Ct., App.Div. 1990) . . . . . . . . . . . . 16

*Apparel Art International, Inc. v. Amertex Enterprises, Ltd.*, 48 F. 3d 576 (1ˢᵗ Cir. 1995) . . . . . . 6

*Bogard v. Cook*, 586 F.2d 339 (5ᵗʰ Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Brad H. v. City of New York*, 712 N.Y.S.2d 336, 185 Misc.2d 420 (Sup.Ct. N.Y.Cty. 2000) . . 14

*Burgos v. Hopkins*, 14 F.3d 787 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Change the Climate, Inc. v. Massachusetts Bay Transportation Authority*, 202 F.R.D. 43 (D. Mass. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Colonial Mortgage Bankers Corporation*, 228 B.R. 516 (1ˢᵗ Cir. Bankr. App. Panel 1999) . . . . 6

*District of Columbia Hospital Association v. District of Columbia*, 73 F. Supp. 2d 8 (D.D.C. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Flynn v. Sinclair Oil Corp.*, 20 A.D.2d 636, 246 N.Y.S.2d 360 (Sup.Ct., App.Div.) . . . . . . . . . 10

*Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251 (1976) . . . . . . . . . . . . . . 14

*Gaidon v. Guardian Life Ins. Co. Of America*, 94 N.Y. 2d 330, 704 N.Y.S. 2d 177, 725 N.E. 2d 598 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*George v. Goldrick* , 518 N.Y.S.2d 582, 136 Misc.2d 258 (Sup.Ct., Rockland Cty. 1987) . . . . 14

*Goshen v. MONY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Gosselin v. Webb*, 242 F. 3d 412 (1ˢᵗ Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 386 N.E.2d 1328, 414 N.Y.S.2d 308 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Halloran v. Halloran*, 555 N.Y.S. 2d 139 (App. Div., 2ⁿᵈ Dept. 1992) . . . . . . . . . . . . . . . . . . . . 13

*Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed.22 (1942) . . . . . . . . . . . . . . . . . . . . . . . . 18

*Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill.2d 72 (1995) . . . . . . . . . . . . . . . . . . . 26

*Hernandez Jimenez v. Calero Toledo*, 576 F.2d 402 (1st Cir. 1978) . . . . . . . . . . . . . . . . . . . . . 6

*Hughes Tool Company v. Trans World Airlines, Inc.*, 409 U.S. 363 (1973) . . . . . . . . . . . . . . . . 6

*Johnson v. General Motors Corp.*, 598 F.2d 432 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . 19

*Jones-Bey v. Caso*, 535 F.2d 1360 (2nd Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Kosereis v. State of Rhode Island*, 331 F. 3d 207 (1st Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lagen v. Belcor Co.*, 274 Ill. App.3d 11 (2nd Dist. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Lamboy v. Gross*, 126 A.D.2d 265, 513 N.Y.S.2d 393 (Sup.Ct., App.Div. 1987) . . . . . . . . . . . 14

*LoGuidice v. Metropolitan Life Ins. Co.*, __F. 3d __, 2003 WL 21639236 (1st Cir. 2003) . . . . . 21

*Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49 (1st Cir. 2001) . . . . . . . . . . . . . . . . . . . . 26

*Mandracchia v. Russo*, 53 Misc.2d 1018, 280 N.Y.S.2d 429 (Sup.Ct., App. Term, 1967) . . . . 10

*McGuire v. Reilly*, __F. Supp. 2d__, 2003 WL 21638193 at *4 . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Michaels v. Phoenix Home Life Mutual Ins. Co.*, 1997 WL 1161145 (N.Y. Sup. Ct., 1997) . . . 13

*Morgan v. Ward*, 699 F.2d 1025 (N.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Muniz Cortes v. Intermedics, Inc.*, 229 F. 3d 12 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Parker v. Blauvelt Volunteer Fire Company, Inc.*, 93 N.Y.2d 343 N.E.2d 647, 690
N.Y.S.2d 478 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 20

*Payne v. Panama Canal Company*, 607 F. 2d 155 (1st Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*People by Vacco v. Lipshitz*, 664 N.Y.S. 2d 468 (Sup. Ct. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Perez v. Citicorp Mortgage, Inc.*, 301 Ill. App. 3d 413 (1st Dist. 1998) . . . . . . . . . . . . . . . . . . . 24

*Podiatrist Association, Inc. v. La Cruz Azul de Puerto Rico*, 332 F. 3d 6 (1st Cir. 2003) . . . . . . . 3

*Robinson v. Toyota Motor Credit Corp*, 201 Ill. 2d 403 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Rocafort v. IBM Corporation*, 334 F. 3d 115 (1st Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Snipes, et al. v. MONY*, No. 4:95 CV400-B-B (N.D. Miss.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) . . . . . . . . . . . . . . . . . . . . . 14

*Szymanski v. Boston Mutual Life Ins. Co.*, 36 Mass. App. Ct. 367 2002) . . . . . . . . . . . . . . . . . 21

*United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.
2d 479 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Vierya v. Briggs & Stratton Corp.*, 585 N.Y.S. 2d 468 (App. Div., 2nd Dept. 1992) . . . . . . . . 13

*Webb v. Buckelew*, 82 N.Y. 555 (1880) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,10

*Winston & Strawn v. Nosal*, 279 Ill. App.3d 231 (1st Dist. 1996) . . . . . . . . . . . . . . . . . . . . . . . 26

### STATUTES

General Business Law § 349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7-9, 11-13, 16-20

M.G.L., c. 93A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 20, 21

Pursuant to this Court's Order dated July 15, 2003, Plaintiffs, William J. McLean ("McLean"), Naomi Driscoll ("Driscoll") and Roger K. Brown and Thomas C. Brown, Trustees of the Richard L. Brown Irrevocable Trust No. 2, DTD 3/17/90 (the "Browns"), (collectively, "Plaintiffs"), by and through their undersigned counsel of record, respectfully submit this Memorandum in opposition to the Defendant's Motion for Summary Judgment.

## PRELIMINARY STATEMENT

For several reasons, this case is not appropriate for summary judgment, and the Defendant's Motion for Summary Judgment should be denied. FIRST, the Defendant has not complied with the provisions of Local Rule 56.1 and has not, with its Motion, included a concise statement of the material facts of record as to as to which there is no genuine issue to be tried. SECOND, the Massachusetts Plaintiffs' claims under M.G.L., c. 93A are not barred by *res judicata* because: a) there is no final judgment in the New York *Goshen* case that would trigger the claim preclusion bar; b) there has never been an adjudication in the *Goshen* case as to the merits of the Massachusetts Plaintiffs' statutory consumer protection claims; c) the claims of the nationwide class in *Goshen* survived the dismissal of the class representative Goshen's individual claims; and d) the non-New York class members in *Goshen* did not have a full and fair opportunity to litigate their (non-New York) statutory consumer protection claims in the New York action. THIRD, the claims of the Massachusetts Plaintiffs are not precluded by any language in the applicable insurance policies or in the pre-sale illustrations, nor are these claims barred by any applicable statute of limitations. FOURTH, the claims of the Illinois Plaintiffs are not precluded by any policy or illustration language and are not subject to any applicable limitations bar.

00000339.WPD ; 1                                  1

## FACTUAL AND PROCEDURAL BACKGROUND

This MDL proceeding results from the pretrial coordination of a number of actions filed against the defendant MONY Life Insurance Company, formerly known as Mutual Life Insurance Company of New York ("MONY"), arising from its use of "vanishing premium" sales presentations from the early 1980's through 1995. The first of these coordinated actions, *Snipes, et al. v. MONY*, No. 4:95 CV400-B-B (N.D. Miss.), was filed on December 13, 1995. An amended complaint was filed in *Snipes* on January 31, 1996, which added the Browns as plaintiffs. The *McLean* action was filed in this Court on March 7, 1996. The Plaintiffs in the *McLean* and *Snipes* actions all sought to represent proposed nationwide classes. On December 9, 1996, the Judicial Panel on Multidistrict Litigation issued an order coordinating the *McLean* and *Snipes* actions (and any other related actions) and transferring them to this Court for coordinated pretrial proceedings.

A similar lawsuit, *Goshen v. MONY*, had been filed in the New York Supreme Court on November 29, 1995. The plaintiff in *Goshen* also brought suit on behalf of a nationwide class and, on August 21, 1996, the New York Supreme Court issued a decision certifying a nationwide class. Proceedings in the *Goshen* case have been attenuated by a series of appeals, two of which have resulted in decisions by the New York Court of Appeals. In particular, on December 20, 1999, the New York Court of Appeals affirmed summary judgment for MONY on the plaintiff's common law fraud claim and other claims, but reversed summary judgment on the plaintiff's claim under the New York consumer protection statute, General Business Law § 349 ("GBL § 349"). *Gaidon v. Guardian Life Ins. Co. Of America*, 94 N.Y. 2d 330, 704 N.Y.S. 2d 177, 725 N.E. 2d 598 (1999). As a result of the *Gaidon* ruling, there was a viable claim–the New York

00000339.WPD : 1                                   2

GBL § 349 claim–being pursued by the certified, nationwide class in *Goshen*. However, on July 2, 2002, the New York Court of Appeals affirmed the trial court's ruling that Goshen, a resident of Florida who purchased his policy in Florida from a Florida agent, could not state a claim under GBL § 349 because the purchase did not take place in New York.

Once it was finally determined that they had no standing to assert GBL § 349 claims in the *Goshen* action, the Plaintiffs in *McLean* and the Browns decided to seek to amend their claims to assert claims under M.G.L., c. 93A and the Illinois Consumer Fraud Act. Toward that end, they submitted a motion for leave to amend, together with a proposed amended complaint, which included McLean, Driscoll and the Browns as named plaintiffs. MONY opposed the motion to amend, but on June 24, 2003, this Court granted the motion to amend. Thereafter, on July 2, 2003, the First Amended Class Action Complaint was filed. In the same June 24 order, which was amended and clarified by the Court on July 15, 2003, the Court set a schedule for the filing by MONY of a summary judgment motion in this action and a briefing schedule for that motion.

**ARGUMENT**

## I.    THE STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment should be granted only "when the evidence, taken in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Rocafort v. IBM Corporation*, 334 F. 3d 115, 119 (1ˢᵗ Cir. 2003), *citing Sands v. Ridefilm Corp.*, 212 F. 3d 657, 660-661 (1ˢᵗ Cir. 2000); *Podiatrist Association, Inc. v. La Cruz Azul de Puerto Rico*, 332 F. 3d 6, 13 (1ˢᵗ Cir. 2003)("we 'must view the entire record in the light most hospitable to the party

opposing summary judgment, indulging all reasonable inferences in that party's favor.'")(citation omitted); *Kosereis v. State of Rhode Island*, 331 F. 3d 207, 211 (1st Cir. 2003)("[s]ummary judgment for the defendants is appropriate when the evidence is so one-sided that no reasonable person could find in favor of the plaintiff.")(citation omitted); *McGuire v. Reilly*, __ F. Supp. 2d__, 2003 WL 21638193 at *4 (D. Mass. July 9, 2003, Harrington, J.)(in determining whether the moving party has met its burden for summary judgment, "the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor.")(citation omitted).

## II.    THE DEFENDANT HAS NOT COMPLIED WITH THE PROVISIONS OF LOCAL RULE 56.1

Local Rule 56.1 provides, in pertinent part, as follows:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. **Failure to include such a statement constitutes grounds for denial of the motion.**

*Id.* (emphasis added).  Instead of including such a concise statement, what the Defendant did here was to label the factual background section of its supporting memorandum as "[p]ursuant to Local Rule 56.1."[1]  This is neither concise nor is it a statement of facts.  The Defendant's purported statement contains pejorative characterizations, mixed legal and factual contentions and evaluative assertions which do not comply with the rule.  As this Court has noted:

> "Facts" means historical facts, not mixed-law fact assertions and not evaluative determin-ations.  A statement of undisputed facts is not in compliance with the requirements of Federal Rule 56 and Local Rule 56.1 if it fails to separate the assertions of undisputed historical facts from mixed law-fact assertions and evaluative assertions.

---

[1]  *See* Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Def. Mem.") at 5-18.

*Change the Climate, Inc. v. Massachusetts Bay Transportation Authority*, 202 F.R.D. 43, 53 (D. Mass. 2001). Additionally, the Defendant's statement is in narrative paragraph form and does not separately itemize the facts it contends to be undisputed, and it contains captions which include the Defendant's pejorative characterizations of the facts. This makes it extremely difficult for the Plaintiffs to respond as they are required to do under Local Rule 56.1, with the consequence that "facts" in the Defendant's statement will be deemed admitted unless disputed in the responsive statement required to be filed by the Plaintiffs. Further, as to certain purported grounds for the Defendant's Motion (all grounds except for *res judicata*), there are **no facts** set forth in Defendant's purported Rule 56.1 statement. Because Rule 56.1 provides that non-compliance constitutes a ground to deny a summary judgment motion, the First Circuit has noted the importance of the rule: "[s]uch rules are a distinct improvement[over prior practice]–and parties ignore them at their peril." *Gosselin v. Webb*, 242 F. 3d 412, 415, n.2 (1ˢᵗ Cir. 2000)(internal quotation marks and citations omitted).

For this reason alone, Defendant's Motion for Summary Judgment should be denied.

## III.   THE CLAIMS OF THE MASSACHUSETTS PLAINTIFFS ARE NOT BARRED BY RES JUDICATA

### A.    General Principles Applicable to *Res Judicata*

The New York Court of Appeals has described the doctrine of *res judicata* as holding that "as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and conclusions of law necessarily decided therein in any subsequent action." *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485, 386 N.E.2d 1328, 414 N.Y.S.2d 308 (1979). The doctrine is

grounded on the "fundamental principle" that "every person is entitled to a day in court." *Id.*

Since the consequences of *res judicata* are great, "strict requirements for application of the

doctrine must be satisfied to insure that a party not be precluded from obtaining at least one full

hearing on his or her claim." *Id.* "[O]nly a final judgment, one which has definitely and

conclusively decided the issues and fixed the rights involved, [] can be used in another action as

a bar or as evidence." *Webb v. Buckelew*, 82 N.Y. 555 (1880). An order which is not final in

form or substance, one which is subject to change or modification, is not such a final judgment.

*Id.*

Federal authorities are in accord that a final judgment on the merits is required before *res*

*judicata* attaches. *Hughes Tool Company v. Trans World Airlines, Inc.*, 409 U.S. 363, 365

(1973); *In re Colonial Mortgage Bankers Corporation*, 228 B.R. 516, 521 (1ˢᵗ Cir. Bankr. App.

Panel 1999); *Apparel Art International, Inc. v. Amertex Enterprises, Ltd.*, 48 F. 3d 576, 583 (1ˢᵗ

Cir. 1995). Courts refuse to apply *res judicata* where the prior judgment is not a final judgment

on the merits. *E.g., Hernandez Jimenez v. Calero Toledo*, 576 F. 2d 402, 404 (1ˢᵗ Cir. 1978)

(prior adjudication on grounds of time bar did not operate as final judgment on the merits so as to

bar subsequent suit).

> This case is therefore governed by the traditional rule of res judicata that "(w)here a valid
> and final personal judgment not on the merits is rendered in favor of the defendant, the
> plaintiff is not thereby precluded from thereafter maintaining an action on the original
> cause of action and the judgment is conclusive only as to what is actually decided." Re-
> statement of Judgments s 49.

*Id.* (additional citation omitted); *Muniz Cortes v. Intermedics, Inc.*, 229 F. 3d 12, 14 (2000) (dis-

missal for lack of subject matter jurisdiction not a judgment on the merits for purposes of *res*

*judicata*); *Payne v. Panama Canal Company*, 607 F. 2d 155, 158 (1ˢᵗ Cir. 1979) (prior dismissal

on grounds of mootness not final adjudication on the merits so as to bar subsequent suits);

*District of Columbia Hospital Association v. District of Columbia*, 73 F. Supp. 2d 8, 12 (D.D.C.

1999), *aff'd.*, 224 F.3d 776 (D.C. Cir. 2000):

> The merits of plaintiffs' claims were never tested. Accordingly, as the prior lawsuit was dismissed on justiciability grounds, plaintiffs are not barred from relitigating the issue of whether defendants' exclusion of Medicaid managed care payments from the DSH calculation is lawful.

In this case, as discussed in detail below, there has been no final judgment disposing of

the claims of the nationwide class certified in *Goshen*. In addition, the non-New York members

of the certified nationwide class have not had their "day in court." MONY's *res judicata*

argument lacks the fundamental predicate of a final judgment and, if accepted, would work a

great injustice on the non-New York members of the class.

### B.    The Judgments and Orders in *Goshen*

There does not appear to be any dispute as to what decisions and orders have been entered

in the *Goshen* action. The disputes concern the effect to be given to those decisions and orders.

In a nutshell, here is what *has* happened in the *Goshen* case:

*On November 29, 1995, a class action complaint was filed in New York Supreme Court

against a New York insurer by a Florida resident, on behalf of a putative nationwide class,

asserting, *inter alia*, claims under GBL § 349 and the similar consumer protection and/or

insurance sales practices statutes of other states. *See* First Amended Class Action Complaint in

*Goshen* ¶ 68 at n.5.[2]

---

[2] Affidavit of David Pastor in Opposition to Defendant's Motion for Summary Judgment ("Pastor Aff."), Exh. A.

* The nationwide class was certified. Apparently all parties and the Court assumed that New York law, including the GBL §349 claim, applied to all class members, including non-residents of New York, since the Florida resident, Goshen, was certified as the class representative. *See* June 7, 1996 decision granting class certification in *Goshen*, together with original and amended class certification orders dated August 13, 1996 and December 6, 1996, respectively.[3]

* The New York Supreme Court granted summary judgment to MONY on all counts as to both Goshen and the plaintiff Class, including the GBL §349 claim, and held that there was "no cause" to address plaintiffs' arguments under other state consumer protection statutes. October 21, 1997 decision on summary judgment, 1997 WL 710669, at *2 (Gleason Aff., Exh. 9). Plaintiffs appealed.

* The New York Court of Appeals affirmed in part and reversed in part, ruling that "plaintiffs in *Goshen* have presented sworn assertions sufficient to raise a question of fact as to a General Business Law §349 deceptive practice." *See Gaidon v. Guardian Life Ins. Co. Of America*, 94 N.Y.2d 330, 348, 725 N.E.2d 598, 704 N.Y.S.2d 177 (1999) (*Gaidon I*) (Gleason Aff., Exh. 11). The Court of Appeals did not rule on the issue of whether non-residents of New York could assert GBL §349 claims. 94 N.Y.2d at 350.

* After remand, the New York Supreme Court (a) denied MONY's motion to decertify; (b) severed and dismissed Goshen's individual claim; (c) granted the Plaintiffs' motion to permit two absent class members - Sara and Stephen

---

[3] Affidavit of Daniel J. Gleason ("Gleason Aff."), Exh. 4.

DeFilippo - to intervene and be substituted as class representatives in place of

Goshen; and (d) ruled that any plaintiffs who were notified, prior to November 29,

1992, that they would be charged premiums beyond their original vanish date

would be barred by the statute of limitations applicable to GBL §349 claims.

August 16 Order of the New York Supreme Court in *Goshen* (Gleason Aff., Exh.

12) .[4]  Plaintiffs appealed the dismissal of Goshen's claim.

* The New York Court of Appeals, noting that the question presented - whether the

origination of a deceptive marketing plan in New York was actionable under GBL

§349 by persons who purchased their policies outside of New York - was a "novel

issue," ruled that "the transaction in which the consumer is deceived must occur in

New York." *Goshen v. Mutual Life Ins. Co. Of New York*, 98 N.Y.2d 314, 324,

774 N.E.2d 1190, 746 N.Y.S.2d 858 (2002) (Gleason Aff., Exh. 13).

* The claims of the named class representative, Goshen, were dismissed.

Here is what has *not* happened in the *Goshen* case:

* The nationwide class has *not* been modified or decertified.

* The claims under the consumer protection statutes of other states have *not* been

dismissed.

* A final judgment disposing of the claims of the nationwide class, including non-

New York residents, has *not* been entered.

---

[4] In her statute of limitations ruling Judge Shainswit did not actually dismiss the claims of any members of the plaintiff class. Instead, she deferred such dismissal until such time as the parties provided a list of class members who would be affected.  August 16, 2000 Decision, slip op. at pp. 7-10.

In short, the only *final* judgment in *Goshen* is the one dismissing Goshen's individual claims. *All* of the other decisions and orders by the New York Supreme Court, the New York Court of Appeals and intermediate courts, were interlocutory. There is no *final judgment* determining the claims of the nationwide class which could serve as a predicate for the application of *res judicata* in this case.

### C.    There Has Been No Final Classwide Judgment in the New York Action

MONY acknowledges that the essential predicate to any application of *res judicata* is a final judgment. [Def. Mem. p. 23]. "[I]t is only a final judgment, one which has definitely and conclusively decided the issues and fixed the rights involved, which can be used in another action as a bar or as evidence." *Webb v. Buckelew*, 82 N.Y. 555 (1880). "It has long been settled that a decision or verdict upon which no formal judgment is entered is not a bar to subsequent proceedings." *Mandracchia v. Russo*, 53 Misc.2d 1018, 280 N.Y.S.2d 429 (Sup.Ct., App. Term, 1967).

MONY asserts that "*all* claims of all non-New York class members in the *Goshen* action – common law and statutory – have now been finally adjudicated and dismissed *on the merits*." [Def.Mem. at 23]. MONY is wrong. The first ruling cited by MONY is Judge Shainswit's Judgment dated October 29, 1997, in which she dismissed the First Amended Class Action Complaint "in its entirety, with respect to the claims of Plaintiff and Class Representative Paul A. Goshen and the entire plaintiff Class herein." If plaintiffs had not appealed this ruling, then this case would indeed be over. But plaintiffs did appeal, which means that the October 29, 1997 Judgment was *not* a "final" judgment for purposes of *res judicata*. *See Flynn v. Sinclair Oil*

*Corp.,* 20 A.D.2d 636, 637, 246 N.Y.S.2d 360, 361 (Sup.Ct., App.Div.), *aff'd,* 14 N.Y.2d 853,

200 N.E.2d 633, 251 N.Y.S.2d 967 (1964). In fact, as acknowledged by MONY, the New York

Court of Appeals issued a decision affirming the Judgment in part but reversing as to the GBL

§349 claim. *See Gaidon I, supra,* 94 N.Y.2d at 348. Notably, the issue of "which plaintiffs

would be legally entitled to bring a claim under General Business Law §349" was not decided in

*Gaidon I.* 94 N.Y. 2d at 350.

MONY then cites page 10 of Judge Shainswit's August 16, 2000 Order, which it wrongly

characterizes as "reaffirming dismissal of GBL §349 claims of non-New York purchasers."

[Def.Mem. pp. 23-24]. In fact, the August 16, 2000 Order states in relevant part as follows:

> Defendants have failed to establish that decertification of the class is warranted,
> but have established that *plaintiff Paul Goshen's single remaining claim under
> GBL §349 must be dismissed,* as failing to state a cause of action. The
> DeFilippos are permitted to intervene, and are hereby substituted as class
> representatives in Goshen's stead. Lastly, defendants' motion to dismiss some
> class plaintiffs, based on the bar of the Statute of Limitations, is denied, with
> leave to renew, as set forth above.
>
> Accordingly, it is
>
> ORDERED that defendants' motion for summary judgment is granted so as to
> *dismiss the claim of plaintiff Paul Goshen, and the motion is otherwise denied,* with leave
> to renew only so much of the motion as sought to dismiss certain plaintiffs' claims based
> on the bar of the Statute of Limitations, strictly as set forth in the decision; and it is
> further
> ORDERED that *the claim of Paul Goshen is severed, and the remainder of the
> action shall continue;* ...

August 16, 2000 Order at pp. 10-11(Gleason Aff., Exh. 12) (emphasis supplied). Thus, the only

claim actually dismissed was "plaintiff Paul Goshen's single remaining claim under GBL §349"

which was severed, while the remainder of the action was to continue.[5] This order, which was

obviously interlocutory except for the individual claim of Mr. Goshen, was appealed, and the

New York Court of Appeals affirmed the order. *Goshen v. Mutual Life Ins. Co. Of New York*, 98

N.Y. 2d 314, 774 N.E.2d 1190, 746 N.Y.S.2d 858 (2002). Obviously, the Court of Appeals'

ruling does not bode well for any non-New York class members who seek to pursue GBL §349

claims - and plaintiffs in the instant action wish to make crystal clear that they do not intend to

assert GBL §349 claims in this or any other court. But the affirmance by the New York Court of

Appeals does not change the interlocutory character of the August 16, 2000 ruling *as to non-New*

*York members of the certified nationwide class who seek to assert claims under their own states'*

*consumer protection statutes*. This issue was expressly left unresolved in Judge Shainswit's

October 29, 1997 summary judgment decision, and has yet to be resolved or addressed by any of

the subsequent decisions in the *Goshen* case.

Significantly, Judge Shainswit refused to dismiss the claims of non-named class members

based on her statute of limitations ruling until such time as they were identified. August 16, 2000

Order at pp. 9-11(Gleason Aff., Exh. 12). It stands to reason that she similarly did not intend to

dismiss the claims of non-named class members based on her GBL §349 ruling, at least until

such time as they were identified.

More importantly, the impact of the GBL §349 ruling on non-named members of the

nationwide class should not be considered without reference to the choice of law determination

---

[5] Even the dismissal of Mr. Goshen's claim was not "reaffirmed" (as MONY contends), as the August 16, 2000 decision noted that, "the issue of Mr. Goshen's suitability as a class representative was never questioned up until the present time, and defendants never previously moved for his dismissal." *Id*. at 7.

made earlier in the case, that New York law applied to non-New York residents.[6]  Now that the highest court in New York has ruled on the "novel issue" that GBL §349 is limited to transactions that take place in New York, the trial court may well reconsider or modify its earlier interlocutory rulings, particularly its class certification and choice of law rulings. For instance, it could rule that the class should be limited to persons who purchased their policies in New York. Such a ruling would permit non-New Yorkers, including the plaintiffs in this case, to prosecute claims under their own state consumer protection statutes. Or, the court could certify subclasses to pursue unfair or deceptive trade practices claims under other state statutes.  It cannot be doubted that the New York Supreme Court has the power and jurisdiction to modify its own interlocutory orders, including its class certification rulings. *See Michaels v. Phoenix Home Life Mutual Ins. Co.,* 1997 WL 1161145 (N.Y. Sup. Ct., 1997) (class certification orders conditional); *Vierya v. Briggs & Stratton Corp.,* 585 N.Y.S. 2d 468, 469 (App. Div., 2nd Dept. 1992) ("The Supreme Court has the power to set aside, correct, or modify its own orders on a motion of any party upon appropriate grounds."); *Halloran v. Halloran,* 555 N.Y.S. 2d 139, 141 (App. Div., 2nd Dept. 1992) (Supreme Court has "inherent power over its own acts and judgments.").

Accordingly, MONY has failed to identify any order or judgment which qualifies as a "final judgment" as to the certified nationwide class.

### D.    The Dismissal of Goshen's Claims Did Not Moot the Class Claims

MONY's argument assumes that the nationwide class certification did not survive the dismissal of former representative plaintiff Paul Goshen. This argument ignores a fundamental

---

[6] Prior to the Court of Appeals' July 2, 2000 decision in *Goshen,* other New York courts had ruled that GBL §349 applied to non-residents who were injured by a New York business. *See People by Vacco v. Lipshitz,* 664 N.Y.S. 2d 468, 474 (Sup. Ct. 1997).

principle of class action jurisprudence. An order certifying a class creates a new juristic entity,
which survives the dismissal of the named class representative's claim. As held by the United
States Supreme Court in *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975),
when a court certifies a class action, "the class of unnamed persons described in the certification
acquire[s] a legal status separate from the interest asserted by [the named representative]." Thus,
in *Sosna*, the fact that the named representative's claim had become moot did not render the
claims of the class moot. 419 U.S. at 399-403. This doctrine applies even if the case does not
fall within the category of cases which are "capable of repetition, yet evading review." *See*
*Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251 (1976) (class representative
in claim for discriminatory refusal to hire was subsequently hired by defendant and then
terminated for valid, non-discriminatory reason; held certified class still met "case or
controversy" requirement). *See also United States Parole Commission v. Geraghty*, 445 U.S.
388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) ("an action brought on behalf of a class does not
become moot upon expiration of the named plaintiff's substantive claim, even though class
certification has been denied.").

New York courts follow the same rule. *See Lamboy v. Gross*, 126 A.D.2d 265, 513
N.Y.S.2d 393 (Sup.Ct., App.Div. 1987) (class certification proper despite mootness of named
plaintiffs' claims); *George v. Goldrick*, 518 N.Y.S.2d 582, 136 Misc.2d 258 (Sup.Ct., Rockland
Cty. 1987) (same); *Brad H. v. City of New York*, 712 N.Y.S.2d 336, 185 Misc.2d 420 (Sup.Ct.
N.Y.Cty. 2000), *aff'd*, 276 A.D.2d 440, 716 N.Y.S.2d 852 (Sup.Ct., App.Div. 2000) (same).

In the *Goshen* case, the New York Supreme Court implicitly recognized the well-settled
proposition that a class action survives the dismissal of the class representative's claims when it

denied MONY's motion to decertify the class and granted the DeFilippos' motion to intervene

and be substituted as class representatives, notwithstanding the dismissal of Goshen's claims.

August 16, 2000 Order at 6-7 (Gleason Aff.., Exh. 12). If the dismissal of Goshen's claim

automatically resulted in the dismissal of the nationwide class, then there would have been no

class left for the DeFilippos to represent. The fact that the court changed the caption of the case

to indicate that the named plaintiffs were now the DeFilippos did not result in a final judgment

disposing of the class claims. An order amending the title of an action is not a final judgment.

*Adams v. Hirsch*, 29 Misc.2d 641, 645, 214 N.Y.S.2d 796, 800 (Sup.Ct., Queens Cty., 1961),

*aff'd*, 17 A.D.2d 959, 233 N.Y.S.2d 1017 (Sup.Ct., App.Div. 1962), *cert. den.*, 372 U.S. 952

(1963). It might have been helpful if the *Goshen* Court had, at that time, dealt with the class

definition issue which remains unresolved today, but that did not occur, and the fact remains that

there has been no decertification or modification of the class, nor has there been any final

judgment disposing of the class' claims.

### E.   Res Judicata Does Not Bar Non-New York Residents From Prosecuting Non-New York Statutory Consumer Protection Claims Because They Did Not Have a Full and Fair Opportunity to Litigate Such Claims

New York law recognizes that the doctrine of *res judicata* does not apply where the

plaintiff has not had a full and fair opportunity to litigate his claim in the prior action. *See*

*Parker v. Blauvelt Volunteer Fire Company, Inc.*, 93 N.Y.2d 343 , 712 N.E.2d 647, 690

N.Y.S.2d 478 (1999) ("res judicata is inapplicable where the plaintiff 'was unable to ... seek a

certain remedy or form of relief in the first action because of the limitations on the subject matter

jurisdiction of the courts or restrictions on their authority to entertain ... multiple remedies or

forms of relief in a single action ...'" quoting Restatement (Second) of Judgments §26[1][c]);

*Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). This exception is not limited to situations where the court in the first action did not have jurisdiction to hear the claim raised in the second action. *Alster v. Alster*, 159 A.D.2d 671, 552 N.Y.S.2d 968 (Sup.Ct., App.Div. 1990) (divorce judgment did not preclude later action for alimony where plaintiff did not have full and fair opportunity to litigate the issue of alimony in the first proceeding). Thus, New York law recognizes that the doctrine of *res judicata* may not be used to procure an unjust result.

In this case, the result urged by MONY is not only wrong, it is manifestly unjust. The issue decided in *Goshen*, that non-residents of New York cannot sue a New York insurer under GBL §349 when they purchased their policies outside of New York, could have gone either way. If the New York Court of Appeals had ruled that non-residents *could* sue a New York insurer for damages caused by a deceptive marketing practice that originated in New York, then the nationwide class in *Goshen* would now be pursuing their Section 349 claims in the New York Supreme Court, and this action would still be stayed. Under MONY's analysis, the fact that the Court of Appeals resolved this "novel issue" by holding that non-residents are *not* entitled to bring a GBL §349 claim (except, presumably for those non-residents who actually purchased their policies in New York) means that non-New York residents lost not only their right to bring a GBL §349 claim, they also lost their right to bring claims under their own states' consumer protection statutes. Such a result was not contemplated by any of the decisions in the *Goshen* litigation.

In fact, in the *Gaidon I* decision, the New York Court of Appeals held that MONY was *not* entitled to summary judgment on a claim for statutory deception, as opposed to common law fraud:

00000339.WPD ; 1                                    16

By stating that the illustrated dividend/interest rates are not guaranteed and that they may be higher or lower than depicted, defendants made a partial disclosure. They revealed the possibility of a dividend/interest rate decline, but did not reveal its practical implications to the policyholder. Although they did not guarantee that interest rates would remain constant, they failed to reveal that the illustrated vanishing dates were wholly unrealistic.

We conclude that although defendants' sales practice, as pleaded, falls within the purview of General Business Law §349, it does not constitute a 'misrepresentation or material omission' necessary to sustain a cause of action for fraud.

*Gaidon I, supra,* 94 N.Y.2d at 350[7]. While *Gaidon I* forecloses the nationwide class in *Goshen* from prosecuting common law fraud claims, it cannot be read to preclude them from prosecuting statutory deception claims under other state statutes similar to GBL §349.

By bringing the instant motion, MONY is seeking to obtain a benefit from the *Goshen* decision which is unconscionable, unprecedented and uncalled-for: the dismissal of claims under non-New York consumer protection statutes as to non-New York residents. MONY asserts that this result is compelled by the doctrine of *res judicata*. For the reasons discussed above, MONY is wrong. Whether or not the issue of who can bring a GBL §349 claim is properly characterized as a standing issue,[8] MONY cannot claim that there has been any "final" ruling concerning whether its vanishing premium marketing plan was deceptive or caused injury to consumers. The determination of the New York Court of Appeals that only policies purchased in New York could be the subject of a §349 claim should not result in the final dismissal of claims of statutory deception by non-New Yorkers, with only New Yorkers free to pursue such claims. A just result

---

[7] Gleason Aff., Exh. 11.

[8] The New York Supreme Court characterized it as a standing issue, when it granted the plaintiffs' motion to permit the DeFilippo's to intervene and be substituted as class representatives: "There is also no question concerning the DeFilippos' standing to bring a GBL §349 claim, or any issue as to the timeliness of their claims, which bar them from assuming the role of class representatives." August 16, 2000 Order, slip op. at 6.

00000339.WPD ; 1                    17

would be to permit non-New York residents to pursue their statutory unfair trade practice claims

under the laws of their own states, but not to permit them to relitigate their common law claims

or the New York statutory claims. As noted above, this result could be accomplished by the

simple expedient of modifying the class definition in the New York case to exclude persons who

did not purchase their policies in New York, so as to permit them to pursue their non-New York

statutory claims in this Court, or to certify subclasses of non-New York residents to pursue their

own state unfair or deceptive trade practices claims in the New York action.

**F.    The Class Notice in *Goshen* Did Not Warn Non-New York Plaintiffs That GBL § 349 Could Only Be Raised by New York Residents**

Even if there was a final judgment applicable to the nationwide class in *Goshen* - which

there wasn't - it would not preclude non-New York plaintiffs from pursuing claims under their

own state consumer protection statutes. MONY acknowledges that the doctrine of *res judicata*

may not be used to bar the claims of absent class members unless the class notice complied with

due process. [Def.Mem. pp. 20-23]. *See Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85

L.Ed.22 (1942). While MONY gives lip service to the principle that both the scope and content

of a notice must comport with due process, MONY limits its discussion to the assertion that

notice by mail and publication was adequate. [Def.Mem. pp. 21-22]. MONY's brief does not

address the content of the notice.

In this case, however, the content of the notice failed to warn absent class members that

the New York Supreme Court's choice of law ruling could result in the extremely inequitable

situation that New York residents could pursue claims under New York's deceptive trade

practices statute, GBL §349, but non-New York residents would be precluded from asserting

00000339.WPD ; 1                                    18

claims under the cognate statutes of their own states. Due process does not permit such a result. *Bogard v. Cook*, 586 F.2d 339 (5th Cir. 1978). In *Bogard,* the plaintiff had received notice of a prior class action seeking injunctive and declaratory relief; the notice did not advise absent class members that they could seek "individual money damages for personal wrongs." 586 F.2d at 408. When the plaintiff sued, the defendant asserted *res judicata* based on the prior class action. The Fifth Circuit held that the prior class action did not bar the absent class member's damages claim because the notice did not adequately alert plaintiff to the possibility that he could have asserted his damages claim in that suit. 586 F.2d at 409. *See also Johnson v. General Motors Corp.*, 598 F.2d 432 (5th Cir. 1979). *Jones-Bey v. Caso*, 535 F.2d 1360, 1361-62 (2nd Cir. 1976); *Morgan v. Ward*, 699 F.2d 1025, 1034-35 (N.D.N.Y. 1988).

If MONY's *res judicata* arguments are successful here, the non-New York plaintiffs are in a position similar to that of the plaintiff in *Bogard*. The class notice issued in *Goshen* (Gleason Aff., Exh. 5) did not adequately warn them (a) that the New York Supreme Court had made a choice of law ruling that might affect the ability of non-New York residents to recover damages in that action; (b) that non-residents of New York might not have standing to sue under GBL §349; or (c) that non-residents of New York had statutory rights under the laws of their own states but the New York Supreme Court was not going to hear claims under non-New York consumer protection statutes. If the class notice in *Goshen* had advised non-New York residents of these risks, then they would have been able to make informed decisions as to whether to opt-out or intervene. The failure of the class notice to advise class members of these crucial facts renders the defense of *res judicata* inapplicable here because it would violate Due Process.

## IV.  THE CLAIMS OF THE MASSACHUSETTS PLAINTIFFS ARE NOT SUBJECT TO DISMISSAL ON ANY OF MONY'S ALTERNATIVE GROUNDS

MONY contends (without the submission of any supporting facts) that the claims of the Massachusetts Plaintiffs, McLean and Driscoll, are subject to dismissal on the grounds that: a) the allegations of deception are contradicted by the terms of the applicable policies and the disclaimers in the sales illustrations; b) the claims are barred by the applicable statute of limitations, which, MONY contends, began to run at or before the time of purchase; and c) a class could not be certified on the Planitiffs' claims.

The New York Court of Appeals, in *Gaidon I*, has already spoken definitively on the issue of whether the Plaintiffs' statutory consumer protection claims are precluded as a matter of law by the policy language and/or the illustration disclaimers.  In that decision, the Court of Appeals was confronted with the same arguments raised by MONY here and rejected them, reversing the dismissal on summary judgment of the plaintiff's GBL § 349 claim.  In *Gaidon I*, the Court noted:

> ...the merger provisions–for whatever other importance they may carry–are not determinative of plaintiffs' section 349 claims, which are based on deceptive business *practices*, not on deceptive contracts.  Moreover, the disclaimers, though more particularized than the merger provisions, do not speak to the true, unrevealed relationship between dividend/interest rates and the vanishing dates as represented.

*Id.*, 94 N.Y.2d at 345 (emphasis in original).  Because of the similarity between GBL § 349 and the statutes involved here (M.G.L., c. 93A and the Illinois Consumer Fraud Act), and because MONY fully litigated the issue in *Gaidon I* (part of the *Goshen* litigation), MONY is precluded from relitigating the issue here, by the principle of collateral estoppel.  *See Parker v. Blauvelt Volunteer Fire Co., supra.*

MONY's statute of limitations argument is absurd, as the neither the policy language nor the illustration disclaimers provided any clue as to the material facts allegedly undisclosed by MONY. Plaintiffs could not have discovered the existence of the cause of action at the time of purchase, and a discovery rule clearly applies to claims under M.G.L. c. 93A. *See Szymanski v. Boston Mutual Life Ins. Co.*, 56 Mass. App. Ct. 367, 370 (2002). In *Szymanski*, the Massachusetts Appeals Court rejected the same argument urged by MONY here–that the plaintiff's "vanishing premium" claim accrued at the time he bought his policy. 36 Mass. App. Ct. at 376. *LoGuidice v. Metropolitan Life Ins. Co.*, __ F. 3d __, 2003 WL 21639236 (1ˢᵗ Cir. 2003), cited by MONY, is inapposite, as it involves the plaintiff's claim that she was deceived by having been sold a life insurance policy, when she thought she was purchasing a retirement plan. There, the documents presented at the time of purchase clearly stated that the product was a life insurance policy (far different from the facts involved here).

MONY's assertion that a class cannot be certified here has absolutely nothing to do with the issue now before the Court–whether or not MONY is entitled to a summary judgment, dismissing the Plaintiffs' claims. It is simply premature at this time for the Court to make any determination on class certification. If MONY's motion for summary judgment is denied (and the stay entered by virtue of the Case Management Order is lifted), the parties will presumably engage in discovery, both on the merits and relative to class certification, the Plaintiffs will file a motion for class certification, the parties will engage in briefing on class certification issues, the Court will hold a hearing and a decision will be rendered as to whether or not a class can be certified. But since none of the above has occurred yet (and could not have occurred because of the stay), the Court is not in a position to decide the issue.

## V.  THE CLAIMS OF THE BROWNS SHOULD NOT BE DISMISSED ON SUMMARY JUDGMENT

### A.  Defendant Has Not Met Its Burden for Summary Judgment on the Browns' ICFA Claim

Defendant MONY's assertion that the Browns' ICFA claims are ripe for summary judgment is not only incorrect, it rests on a mischaracterization of plaintiffs' claims. (Def. Mem. at 31.)  The Browns have alleged that MONY, in the course of marketing a "vanishing premium" life insurance policy, deliberately created illustrations intended to be used to solicit the policy purchases of plaintiffs and the class members – illustrations that MONY's undisclosed investment decisions rendered not only inaccurate from the outset, but fundamentally deceptive. *See* Plaintiffs' Responsive Statement Pursuant to Local Rule 56.1, Plaintiffs' Additional Statement of Material Facts in Dispute (Add'l Stmt. of Facts"), ¶¶1-4.  Defendants have utterly failed to address the fraud with respect to the undisclosed investment decisions, making summary judgment inappropriate at this time on the Browns' ICFA claims.

MONY repeatedly mischaracterizes the Browns' claim concerning deceptive sales practices as though Richard Brown were completely unaware, when purchasing the policy, that the there was a possibility that premiums might not "vanish" as quickly as the illustrations indicated.  Mr. Brown may have been aware that such a *possibility* was mentioned, but the illustration, combined with statements by MONY, e.g., that "[a]s a company, [MONY] ha[s] been very conservative and ha[s] always met our illustration values" (Add'l Stmt. of Facts, ¶2), made the *probability* of the premiums' failure to "vanish" seem remote.  More importantly, MONY did not disclose to Mr. Brown that at the time he decided to purchase his policy, MONY's investment decisions made it highly improbable that MONY would *ever* achieve the

"vanishing" premium as illustrated in the sales materials. Add'l Stmt. of Facts, ¶¶3, 4, 5, 9. In other words, the sales materials were fundamentally deceptive.

MONY urges adoption of a bright line rule – that where the alleged misrepresentation at issue is contradicted by the express terms of the contract, no claim can ever be asserted under the ICFA. (Def. Mem. at 31.) This is simply inaccurate. First of all, the legal foundation upon which this asserted rule supposedly rests is doubtful, as discussed below. Secondly, even considering MONY's argument *arguendo*, the contract, and other documents cited by MONY in its memorandum highlight MONY's failure to mention its investment decisions or the impact those would have on the "vanishing" premiums promised to Mr. Brown.

The two cases from which MONY attempts to create a bright line rule are largely unsupportive. In *Robinson v. Toyota Motor Credit Corp.*, the court addressed allegations that an automobile lease's early termination and default charges were unfair, and that the early termination charges were also deceptive. 201 Ill. 2d 403, 419-20 (2002). Focusing mainly on the charges of unfairness, the Court was not persuaded, in part because the express contract terms were neither unfair nor deceptive. *Id.* at 420-21. However, unlike here, the plaintiffs in *Robinson* did *not* allege that the car dealer had made affirmative misrepresentations or omitted disclosure of material facts about the deal that led the plaintiffs to enter the contract.[9] Nor did the *Robinson* defendants allegedly omit disclosure of material facts that rendered the promised benefits virtually impossible to achieve, as plaintiffs have alleged here. (Add'l Stmt. of Facts,

---

[9] Put another way, for *Robinson* to be applicable, plaintiffs would have had to allege, for example, that the car dealer told them when the lease was signed that the $0.10/mile charge for mileage where a leased vehicle is driven greater than 15,000 miles per year, a default charge expressly described in the contract, was not *really* applicable to plaintiffs, but plaintiffs were expected to pay the mileage charge when the lease was over because it was in the contract.

¶¶3, 4, 5, 9).

*Perez v. Citicorp Mortgage, Inc.*, 301 Ill. App. 3d 413 (1st Dist. 1998) is similarly off point. In that case, the court denied an ICFA claim concerning defendant's failure to inform plaintiff of a potential benefit - that private mortgage insurance (PMI) could at some point be cancelled if the loan to value ratio reached a certain point - where the contract itself said that such insurance had to be in place for the duration of the mortgage note. *Id.* at 421. The court held that potential PMI cancellation was not germane to the essential terms of the mortgage contract, and that most mortgage contracts assume that PMI will be in place for the life of the loan. *Id.* The court held that to subscribe to plaintiffs' theory, the court would, in effect, be rewriting the contract to require certain disclosures, so that consumers would be informed that if the loan to value ratio reached a certain point PMI could be cancelled - which it declined to do, as that would require rewriting potentially "millions" of form mortgage contracts. *Id.* at 421-22. Unlike in *Perez*, MONY failed to disclose not a *possibility* of a potential benefit that *might* accrue to contract party, but the *inevitable* fact that the sales illustrations used to sell "vanishing premium" insurance were highly improbable, thanks to undisclosed investment strategy changes on MONY's part.[10]

---

[10]Defendant's reliance on the holding in *Lagen v. Belcor Co.*, 274 Ill. App.3d 11, 18 (2nd Dist. 1995) is similarly misplaced. (Def. Mem. at 32 n. 25) In *Lagen*, plaintiffs made allegations that defendants failed to disclose several risks germane to a securities transaction, most of which were related to risks external to the transaction itself. *Id.* at 17-18. The complaint was dismissed because the court held that the cautionary language contained in securities sales materials made the risks apparent. *Id.* at 20. Unlike in *Lagen*, nothing in MONY's motion or memorandum for summary judgment suggests that the cautionary statements purportedly made with respect to the vanishing premium policy sold to Mr. Brown, or with respect to dividends and vanishing premiums, represented a sufficient disclosure of MONY's internal decisions to change their investment strategies, making the illustrations used to sell vanishing premium policies facially false.

And what of the "express terms of the contract" in which MONY places so much faith? MONY makes much of the fact that there is a disparity between the express term of the policy - 42 years - and the Brown's understanding of how the policy worked - that five annual premiums would buy them a paid-up policy. (Def. Mem. at 32.) This is exceptionally disingenuous. The Browns have never asserted that Mr. Brown did not understand the *mechanism* of a vanishing premium policy. As indicated by MONY's fraudulent sales illustrations, the Browns understood that after a certain period of time - as promised by MONY, first five years, then eight years - the premium payments made would generate sufficient dividend revenue to make the premium payments for the life of the 42 year term. MONY notes that the Statement of Policy and Cost Benefit Information states that "Dividends shown are based upon the 1990 Scale and are neither guarantees nor estimates for the future." Plaintiffs assert that the 1990 Scale was essentially a fabrication; that MONY knew that it would never come to pass before the illustration was created, and certainly when the illustration was used to sell Mr. Brown a policy.

MONY asserts that the illustrations at issue are not valid unless accompanied by a list of "limitations and definitions" attached to the Gleason Affidavit as Ex. 17. (Def. Mem. at 33). However, MONY has not asserted, and cannot assert, that these limitations and definitions, nor any other document referenced in its memorandum, served as a disclosure of MONY's change in investment strategies, a critical omission with respect to plaintiff's ICFA claim. Therefore, for the purposes of summary judgment, MONY has failed to meet its burden with respect to plaintiff's ICFA claim. The plaintiffs' burden in responding to defendant's summary judgment motion is simply to "establish the existence of a factual controversy that is both genuine and material[...] To carry this burden, the plaintiff must 'affirmatively point to specific facts that

demonstrate the existence of an authentic dispute.'" *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 52 (1ˢᵗ Cir. 2001) (internal citations omitted).   The Illinois courts have been loathe to grant summary judgment where facts concerning undisclosed financial interest or motive are in dispute. *See Winston & Strawn v. Nosal*, 279 Ill. App.3d 231, 236 (1ˢᵗ Dist. 1996). Such is the case here.   MONY has not bothered to address plaintiff's allegation that it omitted critical information regarding its investment strategies with respect to the sale of its vanishing premium policies, nor has MONY presented any evidence, much less admissible evidence, that any of the allegedly omitted material facts were actually disclosed. Certainly, the documents proffered by MONY provide no such disclosure. *See* Gleason Aff., Exhs. 15-17.   Therefore, summary judgment is unwarranted.

### B.    No Statute of Limitations Bars the Browns' ICFA Claim

Defendant again misapprehends the Browns' claims by asserting that because the illustrations were first presented to Mr. Brown in 1990, the statute of limitations clock began ticking at that time on the Browns' ICFA claim. (Def. Mem. at 35.) Alternately, Defendant asserts that the clock should have began ticking in March 1992 when Mr. Brown was informed that an additional three years of premiums were required to make the policy fully "paid up." (Def. Mem. at 35.) Defendant cites no law in support of either assertion.

As Defendant concedes, Illinois applies the discovery rule in terms of consumer fraud cases. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill.2d 72, 80-81 (1995). This rule "delays the commencement of the relevant statute of limitations until the plaintiffs knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Id.* at 81. This moment did not take place when Brown knew that a few more years of premium

were required, as he found out in March 1992; nothing in Brown's deposition shows that Brown knew at that time that he had been injured, or that his injury was wrongfully caused. Plaintiffs instead assert that the moment plaintiff discovered that he had been injured or should have known he was injured was not until receiving the letter dated May 25, 1995 from Palma J. Borchik, Sr., indicating that at least *sixteen* more years of premiums would be required, at which point the policy might "vanish," bringing the total number of years before "vanishing" from five to *twenty-four*. Add'l Stmt. of Facts, ¶10. The Browns' suit was filed in December 1995. Therefore, there is no bar on the Browns' ICFA claim on statute of limitations grounds.

### C.    Defendant's Class Allegation Argument Is Premature And Should Be Ignored

For the reasons set forth in Section IV above, it is premature for the Court to consider, much less decide, class certification questions at this time. Plaintiffs have not submitted a motion for class certification, and have not submitted any documentation or authority in support of class certification, nor could they have done so. In addition, Plaintiffs have not had an opportunity to engage in any class certification-related discovery. By virtue of the Case Management Order entered in this case (*see* Gleason Aff., Exh. 3), all proceedings herein, specifically including proceedings relating to class certification, have been stayed.

### CONCLUSION

For all of the reasons set forth herein, the Defendant's Motion for Summary Judgment should be denied.

00000339.WPD ; 1                    27

Dated: August 21, 2003

Respectfully submitted,

*David Past*

David Pastor (BBO #391000)
Douglas M. Brooks (BBO #058850)
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Tel: (781) 231-7850

Ronald L. Futterman
William T. Thomas
FUTTERMAN HOWARD, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Tel.: (312) 427-3600

Mark S. Williams (BBO # 568022)
BORRELLI HUTTON & WILLIAMS, PA
375 Trapelo Road
Belmont, MA 02478
Telephone: (617) 484-7031

John G. Jacobs
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603
Telephone: (312) 427-4000

## CERTIFICATE OF SERVICE

I Hereby Certify That A True Copy of
The Above Document Was Served Upon
The Attorney Of Record For Each Other
Party By Mail (By Hand) On 8/21/03

Roger W. Kirby
KIRBY MCINERNEY & SQUIRE, LLP
830 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (212) 317-2300

**ATTORNEYS FOR PLAINTIFFS**

00000339.WPD ; 1                    28