03 - 842 - CG - L

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MONY LIFE INSURANCE COMPANY | PEYTON D. BURFORD, JR., and GERALDINE BURFORD |

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Wilcox
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) Attorneys (Firm Name, Address, and Telephone Number)
Michael R. Pennington
Robert J. Campbell
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an X in One Box for Plaintiff And One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders Suits | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | | ☐ 550 Civil Rights | | | |
| ☐ 245 Tort Product Liability | | ☐ 555 Prison Condition | | | |
| ☐ 290 All Other Real Property | | | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 USC § 2201 - 2202 - declaratory judgment of res judicata governing parties' dispute

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND declaratory judgment unspecified | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions) | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

DATE   12/10/03

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

12/1/03

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

MONY LIFE INSURANCE
COMPANY,

     Plaintiff,

v.

PEYTON D. BURFORD, JR., and
GERALDINE BURFORD,

     Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY
## JUDGMENT AND OTHER RELIEF

1.      Plaintiff MONY Life Insurance Company ("MONY" or "Plaintiff"), formerly known as The Mutual Life Insurance Company of New York, is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in New York.

2.      Defendant/claimant Peyton D. Burford, Jr., is an individual over the age of nineteen (19) years, a citizen of the State of Alabama, and has at all times material hereto resided in Wilcox County.

3.      Defendant/claimant Geraldine Burford is an individual over the age of nineteen (19) years, a citizen of the State of Alabama, and has at all times material hereto resided in Wilcox County.

### JURISDICTION AND VENUE

4.      Plaintiff brings this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-2202. This Court has jurisdiction over this action pursuant to 28

1

U.S.C. §1332, in that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.    Venue is proper in this judicial district under 28 U.S.C. §1391, in that the plaintiff does business in, and the defendants/claimants reside in, this district and division.

6.    As discussed below, because this action involves common questions of fact with a multidistrict litigation pending in the United States District Court for the District of Massachusetts, MONY intends to identify this action to the Judicial Panel on Multidistrict Litigation as a potential "tag-along" action pursuant to Rules 7.4(a) and 7.5(c) of the Rules for Multidistrict Litigation Under 28 U.S.C. §1407, and to request that the Judicial Panel transfer the action to the District of Massachusetts for coordinated and/or consolidated pretrial proceedings with the multidistrict litigation pending there.

## FACTUAL ALLEGATIONS

7.    This declaratory judgment action involves disputes over a whole life policy of insurance, policy number 13592208, which was issued by MONY on or about September 4, 1991, on the life of Mr. Burford (the "Policy"). Ms. Burford is the beneficiary and rightsholder under the Policy.

8.    As shown by the documents attached hereto as Collective Exhibit "1," certain disputes have arisen between Plaintiff and the Burfords regarding the Policy. In purchasing the Policy, the Burfords elected a "Pay One Vanish," or so-called "vanishing premium," billing option for premium payment. The Burfords contend that they were misled into believing that, pursuant to the aforementioned "vanishing premium" option,

the Policy was issued as a "$50,000 paid-up policy and that there would be no [additional] premiums" due in order to keep the Policy in force.

9. Plaintiff disputes the Burfords' contentions and has sent invoices to the Burfords for additional premiums to keep the Policy in force.

10. The Burfords have signaled their intention to sue Plaintiff in the event that they are not provided with a paid-up policy via a letter from their counsel stating that, based upon the above-described facts, the Burfords have "the basis for a fraud action in Alabama." *See* Exh. 1.

11. However, as described more particularly below, any claims the Burfords could assert arising out of the purchase of the Policy on a so-called "vanishing premium" basis are barred by *res judicata*.

12. This creates a justiciable case and controversy wherein the amount in controversy, exclusive of interest and costs and including a potential demand by the Burfords for punitive damages, exceeds $75,000.

13. Plaintiff herein was a defendant in a certified, nationwide class action filed in New York State Supreme Court, styled *Goshen v. The Mutual Life Ins. Co. of New York and MONY Life Ins. Co. of America*, Index No. 95-600466 (hereinafter, "*Goshen*"). The Amended Complaint in *Goshen* asserted claims for fraudulent concealment and deceit, negligent misrepresentation, negligence, breach of contract, breach of fiduciary duty, fraudulent inducement, and violations of the New York State Insurance Law and consumer protection statute based upon certain allegedly deceptive sales practices on the part of the Plaintiff herein and its representatives in connection with the marketing and

3

sale of whole and universal life insurance policies on a so-called "vanishing premium" basis.

14.    On June 7, 1996, the New York court issued a decision granting certification of *Goshen* as a nationwide class action. The class ultimately certified included:

> all persons or entities ... who have, or at the time of the policy's termination had, an interest in one or more whole life or universal life insurance policies issued by Defendants ... and were harmed due to Defendants' alleged wrongful conduct with respect to the sale of Policies on an alleged "vanishing premium" basis, as newly issued policies and/or as replacements for existing policies, during the period from January 1, 1982 through and including December 31, 1995.

(Copies of the June 7, 1996 decision granting certification in *Goshen*, together with the original and amended class certification orders entered pursuant thereto, dated August 13, 1996 and December 6, 1996, respectively, are attached hereto as collective Exhibit "2.")

15.    The Burfords' Policy is a whole life policy that was issued on September 4, 1991.

16.    Thus, the Burfords met the *Goshen* class definition as members of the *Goshen* class.

17.    As part of the certification process, the Burfords were mailed a Notice of Pendency of Class Action in a form approved by the *Goshen* court (the "Notice").

18.    The Notice was also published in the national edition of The New York Times on December 23, 1996, and in the national edition of USA TODAY on December 24, 1996. (True and correct copies of the form Notice of Pendency of Class Action and verifications of the mailing and publication of the class notice in The New York Times and the USA TODAY are attached hereto as Collective Exhibit "3.")

4

19.    The parties agreed, and the *Goshen* court expressly found, that the form, method and content of the Notice met "the requirements of Article 9 of [New York's] Civil Practice Law and Rules and due process [and] is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto." *See* Order Providing For Notice To the Class, filed December 6, 1996 (a true and correct copy of which is attached hereto as Exhibit "4").

20.    The Notice expressly states that "[i]f you are a member of the Class, you will be bound by any judgment in the Action, whether favorable or unfavorable. As a member of the Class, you may share in any recovery or relief obtained on behalf of the Class and you will be precluded from prosecuting your claim individually." *See* Exh. 3.

21.    The Notice also states, that "[i]f you are and wish to remain a member of the Class, you do not have to take any further steps at this time. You will automatically be a member of the Class, *unless you request exclusion in accordance with the procedure set forth*" in the notice which, among other things, required potential class members who desired to be excluded from the Class to submit written opt-out requests no later than January 21, 1997. *See* Exh. 3 (emphasis added).

22.    Neither of the Burfords opted out of the class.

23.    On October 21, 1997 -- after class certification and the expiration of the opt-out period -- the *Goshen* court granted summary judgment in favor of Plaintiff herein on all claims and ordered that the *Goshen* lawsuit "be dismissed in its entirety." *See Goshen v. The Mutual Life Ins. Co. of N.Y.*, No. 600466, 95-006, 1997 WL 710669 at *13 (N.Y. Sup. Ct. Oct. 21, 1997), *aff'd,* 259 A.D.2d 360, 684 N.Y.S.2d 791 (N.Y. App. Div. Mar. 18, 1999), *aff'd as modified by Gaidon v. Guardian Life Ins. Co. of America,* 94

5

N.Y.2d 330, 725 N.E.2d 598 (N.Y. Dec. 20, 1999). (A true and correct copy of the *Goshen* court's October 21, 1997 Order is attached hereto as Exhibit "5.")

24.    Pursuant to the October 21, 1997 decision, a *final judgment* dismissing all claims "*on the merits*" and "*with prejudice*" was entered on October 29, 1997. (A true and correct copy of the October 29, 1997 judgment is attached hereto as Exhibit "6").

25.    That judgment, insofar as it relates to the claims of individuals like the Burfords who claim to have been deceived in connection with the purchase of insurance outside of New York, has been affirmed (and/or left undisturbed) by the highest court of the State of New York. *See Gaidon*, 94 N.Y.2d 330, 725 N.E.2d 598; *Goshen v. Mutual Life Ins. Co.*, 98 N.Y.2d 314, 774 N.E.2d 1190 (N.Y. July 2, 2002).

26.    Federal "full faith and credit" principles require that, once due process has been satisfied, federal and state courts must give the same preclusive effect to the judgment of a foreign state's court as would be given it by the courts of the state in which it was rendered. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996) (state court judgment in a class action is a product of a "judicial proceeding" within the meaning of 28 U.S.C. §1738, and is entitled to full faith and credit).

27.    The certification in the *Goshen* action and the notice provided, which has been held to have been the "best notice practicable under the circumstances," satisfied due process.

28.    The *Goshen* court's October 21, 1997 Order is thus entitled to Full Faith and Credit. *See, e.g., Sequoia Sys., Inc. Sec. Litig.*, Civ. A. No. 93-11331-WD, 1993 WL 616694 at *1-2 (D. Mass. Sept. 10, 1993) (mailed notice to list compiled from party's

existing files combined with publication on one or two occasions in *Wall Street Journal* and *Boston Globe* was "best notice practicable").

29.    Under New York's transactional approach to *res judicata*, any claims arising out of the same transactions or occurrences at issue in *Goshen*, or which "might have been litigated" in that action, are barred, regardless of whether or not they were actually litigated. *See O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687 (1981); *Newton Garment Carriers, Inc. v. Consolidated Carriers Corp.*, 250 A.D.2d 482, 673 N.Y.S.2d 631, 632 (N.Y. App. Div. 1998).

30.    The dismissal on the merits with prejudice of the *Goshen* class action -- in which the Burfords were class members -- precludes the Burfords from asserting, *inter alia*, any legal claim arising out of their purchase of the Policy on a so-called "vanishing premium" or "paid up" basis.

31.    The United States District Court for the District of Massachusetts has recently recognized the preclusive effect of the *Goshen* judgment in a multidistrict litigation there involving "vanishing premium" and other sales practices claims against MONY.[1] In a decision dated November 17, 2003, the Massachusetts District Court held that "vanishing premium" claims that plaintiffs in one of the constituent actions in MDL No. 1143 sought to pursue on behalf of a putative class of Massachusetts purchasers were barred under the doctrine of *res judicata* by virtue of the fact that the plaintiffs had failed to opt out of the *Goshen* action. *See In re Mutual Life Ins. Co. of N.Y. Premium Litig.*, __

---

[1] On December 9, 1996, the Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel") ordered the transfer, for purposes of coordination and/or consolidation, of all cases involving sales practices allegations similar to those of the Burfords (and the *Goshen* class) to the Massachusetts District Court as MDL No. 1143. *See In re Mutual Life Ins. Co. of New York Premium Litig.*, MDL Docket No. 1143, Transfer Or. (J.P.M.L. Dec. 9, 1996), a true and correct copy of which is attached hereto as Exhibit "8."

F.Supp.2d __, 2003 WL 22801306, (D. Mass. Nov. 17, 2003) (a true and correct copy of which is attached hereto as Exhibit "7").

32.    For the identical reasons, because the Burfords were members of the *Goshen* class, and because their claims arise out of and relate to the purchase of the Policy on a so-called "vanishing premium" basis and Plaintiff's alleged deceptive sales practices in connection therewith, they are barred by the doctrine of *res judicata* from attempting to re-litigate any such claims.

33.    Because the Burfords' threatened claims involve common questions of fact with the cases already pending in MDL No. 1143, and because the *res judicata* issue presented herein is tailor-made for uniform decision by the MDL court in Massachusetts, in light of its November 17, 2003 decision (*see* ¶31, *supra*, and Ex. 7), *see, e.g., Whelan v. Merrell-Dow Pharmaceuticals, Inc.*, 117 F.R.D. 299 (D.D.C. 1987) (recognizing that principal purpose of multidistrict litigation is to consolidate cases in order to, *inter alia*, "avoid inconsistent pretrial rulings and to conserve and economize judicial effort"); *Boudreaux v. Metropolitan Life Ins. Co.*, Civ. A. No. 95-138, 1995 WL 83788, at *2 (E.D. La. Feb. 24, 1995) (judicial economy served by stay of all proceedings pending MDL transfer where issue in question is likely to arise in other constituent actions), MONY intends to identify the instant action to the JPML as a potential "tag-along" action to MDL No. 1143 pursuant to Rules 7.4(a) and 7.5(e) of the Rules for Multidistrict Litigation Under 28 U.S.C. §1407, and to request that the Panel transfer the matter to the District of Massachusetts for coordinated and/or consolidated pretrial proceedings with MDL No. 1143.

8

34.     Since the inception of MDL No. 1143, numerous Alabama class or individual "tag along" actions have been transferred to MDL No. 1143, *see, e.g., Ballard v. Mutual Life Ins. Co. of New York, et al.*, C.A. No. 6:96-3019 (N.D. Ala.); *Marshall v. Mutual Life Ins. Co. of New York, et al.*, C.A. No. 2:97-252 (M.D. Ala.); *Farrior v. Mutual Life Ins. Co. of New York, et al.*, C.A. No. 7:97-411 (N.D. Ala.); *M&A Electric Co., et al. v. MONY Life Ins. Co. of America*, No. CV-02-N-1824-S (N.D. Ala.), as have numerous "vanishing premium" actions from other jurisdictions.

WHEREFORE, premises considered, Plaintiff respectfully requests that this Court adjudicate and declare the rights and obligations of the parties with respect to the matters set forth above, and specifically enter an Order:

1.    Declaring that the October 21, 1997 Order and October 24, 1997 final judgment of the New York Supreme Court in the *Goshen* action (attached hereto as Exhibits "5" and "6") are entitled to Full Faith and Credit and preclude the Burfords' threatened claims against Plaintiff, and any other potential claims the Burfords might seek to assert arising out of or in connection with the purchase of the Policy, under New York's transactional approach to the doctrine of *res judicata*;

2.    Enjoining and restraining the Burfords -- and any of their agents, attorneys, representatives, assigns and all other persons claiming by, through or under them -- from instituting suit or prosecuting further against MONY any suit in relation to or on account of any alleged deceptive sales practices arising out of the purchase of the Policy; and

3.    Providing such other or different relief as the Court deems necessary or appropriate.

9

Michael R. Pennington (Fed. ID 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)
Robert J. Campbell (Fed. ID 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)

*Attorneys for MONY Life Insurance Company*

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
(205) 521-8000

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING
ADDRESS:

    Peyton D. Burford, Jr.
    Geraldine Buford
    431 Clifton Street
    Camden, Alabama 36726

DONALD M. McLEOD
ATTORNEY AT LAW
100 CLAIBORNE STREET
P.O. BOX 768
CAMDEN, ALABAMA 36726-0768

TELEPHONE (334) 682-4333
TELCOPIER (334) 682-5394

e-mail address
mcleod@pinebelt.net

August 25, 2003

Mr. Macon Brock                      "Transmitted by facsimile
MONY Life Insurance Company           and US Mail"
4121 Carmichael Road                  334-260-7914
Suite 302
Montgomery, Alabama 36106

    RE: Peyton D. Burford, Jr.
        Policy No: 13592208

Dear Mr. Brock:

    Mr. Burford asks that I contact you about his policy. He
recently received an invoice for $910.26 together with a notice
that stated in part that if the amount was not paid by September
4, 2003, that the policy and all payments on it would become
forfeited and void.

    This is a policy that Jeff Graves sold Mr. Burford on
September 4, 1991. It was a conversion of a policy that he had
purchased in 1953. At that time, Mr. Graves represented that this
was a "paid up" $50,000.00 policy and that there was "no
premium". Attached is a copy of the Summary of Life Insurance
that was presented to Mr. Burford at that time.

    We ask for a clarification of the status of this policy and
why any additional premium is due at this time. We also question
the reduction in the amount of the policy from $50,000.00 to
$31,678.00.

    Please call me to confirm your receipt of this request.

                              Very truly yours,

                              Donald M. McLeod

DMM/mam
cc: Mr. Peyton D. Burford, Jr.
Enclosure

SUMMARY OF LIFE INSURANCE

| Ref. No. | Insured | Policy Number | Register Date | At Age | Amount | Type | Pol. Rdrs. | Ann. Prem. | How Paid |
|----------|---------|---------------|---------------|--------|--------|------|------------|-----------|----------|
| 1. | Payton Burford | 13592208 | 9/4/91 | 60 | $50,000 | WL | No | Premium | (Paid Up) |

| Ref. No. | Primary Beneficiary | Successive Beneficiaries |
|----------|---------------------|--------------------------|
| 1. | Geraldine Burford, Wife | |

RECEIVED

SEP - 2 2003

Commissioner
&c

DONALD M. McLEOD
ATTORNEY AT LAW
203 CLAIBORNE STREET
P.O. BOX 788
CAMDEN, ALABAMA 36726-0788

TELEPHONE (334) 682-4125
TELECOPIER (334) 682-9284

e-mail address
mcleod@pinebelt.net

October 21, 2003

Mr. James C. Ashby
Analyst
MONY Life Insurance Company
1740 Broadway
New York, New York 10019

        RE: Peyton D. Burford, Jr.
            Policy No: 13592208

Dear Mr. Ashby:

        This letter is in response to your letter of October 18,
2003.

        I want to start by saying that Mr. Burford is extremely
disappointed in the response of MONY Life Insurance Company to
this matter. He is seventy one years old and has never had a
problem with insurance. Based on the information we furnished,
we expected a positive response from your company.

        We ask that you reconsider the status of this policy. In
support of this request, attached is Mr. Burford's affidavit.

        It appears to me that there is no question that the agent
misrepresented the policy or suppressed information concerning
the policy. If Mr. Burford had been advised of the true nature
of this policy which could result in his having to pay premiums,
then under no circumstances would he have purchased the policy.
The agent knew this and failed to disclose the rate sensitive
nature of this policy.

        The agent's representation or failure to convey certain
information to Mr. Burford is the basis for a fraud action in
Alabama. There is no question that Mr. Burford justifiably
relied on the representation of the agent that no additional
premiums would have to be paid that is now shown to be patently
false.

**RECEIVED** OCT 2 7 2003

I have reviewed Mr. Burford's legal options with him. He wants to have this matter resolved with your company. He only wants what was represented to him when he purchased the policy. He will accept a paid up $32,000.00 policy to bring this matter to a conclusion.

We again ask that you reconsider this matter. We ask that the premium request be suspended pending a final resolution of this matter.

We look forward to hearing from you.

Very truly, yours,

Donald M. McLeod

DMM/mam

Enclosure

cc: Mr. Peyton D. Burford, Jr.

STATE OF ALABAMA    *

COUNTY OF WILCOX    *

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State, personally appeared Peyton D. Burford, Jr., who being before me first duly sworn, on oath deposes and says as follows:

My name is Peyton D. Burford, Jr. I am over the age of nineteen years. I reside at 431 Clifton Street, Camden, Alabama 36726.

Jeff Graves contacted me sometime in 1991. My current policy matured in that year.

He said he wanted to talk to me about putting my policy into another policy. At first, I told him I didn't want to do that as I didn't want to pay any more premiums at my age.

He told me that this was an excellent policy and I would not have to pay anymore premiums.

I do not understand insurance. I totally relied on and trusted Jeff Graves. I believed what he told me and relied on what he told me.

He gave me a summary of my insurance which shows that I was purchasing a $50,000.00 paid-up policy and that there would be no premiums. He emphasized this to me because I had made it clear to him that I did not want to continue to pay any insurance premiums. At first, I did not want this policy, but the way he presented it to me, I bought it. He told me that I didn't have to pay anymore premiums. That was the only reason I bought it.

He came back to my house and brought the new policy. He reiterated what he had already told me about not having to pay any premiums.

He never at any time mentioned anything about dividends, dividends not being guaranteed, premium offset, or that this was a rate sensitive policy. He simply told me I would never have to pay any additional premiums. I strictly relied on his representations to me.

To the best of my knowledge, information and belief, all of the hereinabove stated facts are correct and true.

Dated this ___20th___ day of October, 2003.

Peyton D. Burford, Jr.

Sworn to and subscribed before me on this the ___20th___ day of October, 2003.

(SEAL)

Notary Public

My Commission Expires: 01/09/07

C:\McLeod Docs\Affidavits\Burford. Peyton.doc

**DONALD M. McLEOD**
ATTORNEY AT LAW
800 CLAIBORNE STREET
P.O. BOX 706
CAMDEN, ALABAMA 36726-0788

TELEPHONE (334) 682-4223
TELCOPIER (334) 682-8284

e-mail address
mcleod@pinebelt.net

November 6, 2003

Mr. James C. Ashby                          "Certified Mail
Analyst                                      Return Receipt
MONY Life Insurance Company                  Requested"
1740 Broadway
New York, New York 10019

      RE: Peyton D. Burford, Jr.
         Policy No.: 13592208

Dear Mr. Ashby:

    We have not heard from you in response to my letter of
October 21, 2003. Attached is a copy of that letter and Mr.
Burford's affidavit for your reference.

    We look forward to hearing from you.

                  Very truly yours,

                  Donald M. McLeod

DMM/mam

Enclosure

cc: Mr. Peyton D. Burford, Jr.

SUPREME COURT : NEW YORK COUNTY

IAS          : PART 10

----------------------------------------X

PAUL A. GOSHEN On Behalf Of Himself
And All Others Similarly Situated,

                          Plaintiff,          INDEX #600466/95-002

              -against-                       Cal. #72 -- 5/21/96

THE MUTUAL LIFE INSURANCE COMPANY OF
NEW YORK and MONY LIFE INSURANCE COMPANY
OF AMERICA,

                          Defendant.

----------------------------------------X

SHAINSWIT, J.:

        Plaintiff Paul A. Goshen moves to certify the present
action as a class action, with himself as class representative, and
the law firm of Milberg Weiss Bershad Hynes & Lerach LLP as lead
counsel.

        This action is but one of numerous individual and class
actions, brought nationwide, against a number of major insurance
companies, seeking recompense for damages allegedly resulting from
certain insurance selling practices developed in the 1980's to make
the purchase of life insurance policies more attractive to
consumers.

        The present action against The Mutual Life Insurance
Company of New York and MONY Life insurance Company of America
(together "MONY") involves the concept of "vanishing premiums", a
sales device in which customers were allegedly induced to buy life
insurance under the belief that annual premiums would only have to
be paid out in cash for a certain amount of years, before the

dividends and interest earned from the increasing cash value of the policy would be sufficient to cover the yearly cost of the premiums. At that time the insured's responsibility to make further cash outlays to keep the policy current would, it was claimed, cease. Apparently, according to the First Amended Class Action Complaint (the "Complaint"), when the halcyon days of the 1980's ended, interest rates were no longer sufficient to cover the cost of the annual premiums (assuming ever they were), and the plaintiff, and others similarly situated, were compelled to pay substantial sums to keep policies afloat, or else lose the cash value of the policy and the benefits which would have been payable thereunder. The Complaint alleges that the deceptive sales practices were part of a nationwide scheme on MONY's part, "implemented by MONY's development and distribution of numerous uniform false and misleading sales materials, dividend and interest projections, sales scripts and policy illustrations." MONY is accused of distributing "artificially inflated dividend scales and interest crediting rates" as inducements to its customers to buy insurance, in some cases encouraging customers to cash in existing, valuable policies, to be replaced with the new, potentially worthless policies, a practice which allegedly caused many customers to suffer financial loss. The Complaint contains causes of action for fraudulent concealment and deceit, negligent misrepresentation, negligent supervision, breach of contract, breach of fiduciary duty, fraudulent inducement, violations of New York Insurance Law §§ 4226 and 2123, and violation of General

Business Law § 349.

Although the parties have carefully briefed the issue of class certification under CPLR 901 and 902, there is really no disagreement between the parties that the case is one ready for certification as a class action. In fact, in the parties' proposed Orders, each admits that the prerequisites of 901[1] and 902[2] have been met. Since the court agrees, certification of the action as a class action is granted.[3]

The real controversy between the parties is whether or

---

[1]CPLR 901(a) requires a showing that (1) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (2) there are questions of law or fact
common to the class which predominate over any questions affecting only individual members; (3) the claims and defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

[2]CPLR 902 compels the court to consider the following matters in determining whether a class action is appropriate: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the impracticability or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (4) the desirability or undesirability of concentrating the litigation of the claim in the particular forum; and (5) the difficulties likely to be encountered in the management of the class action.

[3]Justice William Schackman, in the Final Order and Judgment settling the class action Willson v. New York Life Insurance Company, 127804/94 (NY Sup. Ct) (1995 N.Y.Misc. Lexis 652) has set forth, in a particularly concise manner, the requirements for class certification in a case alleging substantially similar allegations of a nationwide scheme to induce the purchase of insurance through misleading and deceitful sales practices, as alleged therein against New York Life Insurance.

3

not the class action should be mandatory as to all members of the designated class[4], so as to deprive class members of the opportunity to "opt out" of the action, to litigate their claims individually, or in the context of another class action. It is MONY's position that, under <u>Colt Industries Shareholder Litigation v. Colt Industries Inc.</u>, 77 NY2d 185, the potential plaintiffs herein possess no due process right to opt out of an action, such as, allegedly, the present one, which is brought seeking predominantly equitable relief. MONY seeks an order certifying the class which diverges from that proposed by plaintiff mainly in that it (1) makes the class mandatory (i.e., having no right to opt out), (2) dispenses with notice to the class of the pendency of this action, and (3) enjoins all class members from filing, participating in, or continuing to prosecute or defend, any lawsuits in any jurisdiction against MONY, or any related entity, concerning any claims raised in or related to the present suit.[5]

---

[4] The class is defined by the plaintiff in his proposed Order as one consisting of "all persons or entities (the "Class Members") who have, or at the time of the policy's termination had, an ownership interest in one or more whole life, variable life or universal life insurance policies issued by Defendants (the "Policies") and were harmed due to Defendants' wrongful conduct with respect to the sale of Policies on a "vanishing premium" basis and/or through improper replacement activity, during the period from January 1, 1982 through and including December 31, 1995 (the "Class"). MONY's versions departs from the plaintiff's only as to the references to "wrongful" and "improper" conduct.

[5] MONY does not explain how class members can be enjoined from taking action against MONY in any jurisdiction, based on their role as class-plaintiffs herein, who have no notice of the existence of the present action, or their mandatory participation in it.

MONY lists several class action suits in several jurisdictions, both state and federal, which have been commenced against it, alleging similar acts of wrongdoing, since the present suit was filed. MONY argues that, in light of these other suits, and the theoretical profusion of new suits in the future, class certification would only be appropriate if membership in the class is mandatory, with no right to opt out, so as to preserve the integrity, and efficiency, of any settlement or judgment entered in the present action.

MONY is also concerned that the final order certifying the class clarify that the claims being raised against MONY are solely claims relating to the concept of a single nationwide fraudulent scheme, orchestrated from MONY's New York headquarters, implemented through "standardized misrepresentations" and deceptive sales practices; what MONY calls "top down" liability, as opposed to "point-of-sale" misdoings by individual sales agents.

<u>Discussion</u>

In <u>Colt Industries</u>, <u>supra</u>, the Court of Appeals determined that there is no due process constitutional right to opt out of a class action seeking predominantly equitable relief at the time that the class is certified, so that the trial judge therein did not err in failing to give class members the opportunity to opt out of the class at that time. <u>Id.</u> at 196. The opportunity to opt out at the time of settlement, however, presented a different story, as, in <u>Colt</u>, the settlement purported to extinguish the monetary, as well as equitable claims of the out-of-State

plaintiffs, an outcome which allegedly violated their due process rights under <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797, 811-812 ("If the forum State wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection. The plaintiff must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel").[6]

The plaintiff concedes that certification of a mandatory (i.e. non-opt out) class for purposes of classwide *equitable* relief "is constitutionally permissible and may be factually warranted at this time", but strongly opposes certification of a mandatory class for money damage claims, some of which, it is argued, will survive any equitable settlement.[7] Plaintiff suggests a split certification, with a mandatory class seeking equitable relief, and a traditional, opt out class for money damages, "subject to further review if and when any party presents a sufficient record to support mandatory class treatment of *all* claims (emphasis in original)".

The mere fact that it would be constitutionally permissible to certify a mandatory class in an action seeking

---

[6] MONY rather ominously suggests that this aspect of <u>Colt</u> is "seemingly incongruous", but goes no further in this discussion, since the present action is nowhere near settlement.

[7] The plaintiff is particularly concerned with the claims of parties who cancelled their insurance, and purchased new policies, at higher prices, because equitable relief may not suffice to make them whole.

6

"predominantly" equitable relief at the certification stage (see Colt Industries, supra at 186), does not mean that the court must grant such relief, and, in fact, this court is not inclined to do so. MONY has not convinced this court that the handful of cases which have been brought against it require certification of a mandatory class, or that any judgment or settlement reached in this action will be rendered meaningless by permitting individual members to opt out if they so choose. It is quite possible that persons who might otherwise have commenced individual actions against MONY, or who are now involved in actions in other jurisdictions, will prefer to be members of the present class action instead. The experience in Willson appears to indicate a relatively low percentage of opt-outs, in light of the enormous number of plaintiffs, and this court has not been convinced that a judgment or settlement in the present case will be seriously undermined by allowing persons to opt out of the litigation, regardless of whether they were seeking equitable or legal relief, or a combination of the two.

The court is also concerned with the fact that, as the parties both concede, many of the potential plaintiffs have claims which appear to be, at this time, a mixture of equitable and money claims, and plaintiff has not explained how it would be possible at this time to separate out those parties to whom the choice to opt out should be offered, as opposed to those to whom the choice would be denied. Therefore, a separation into two types of classes, those permitted to opt out, and those whose participation is

7

mandatory, appears, at this time, to be impracticable, and unreasonable. Consequently, the court declines to certify a mandatory class, to whom no notice of the action is required, and, necessarily, declines to enjoin class members from commencing or continuing actions already in progress. Of course, the court's discretion in class actions is very broad, and later events may justify reconsideration of these issues. See Colt Industries, supra at 198 ("CPLR is remarkably flexible and provides for a wide range of procedural and administrative approaches in the handling of class action disputes").

There is also no need to include, in the order certifying the class, language limiting certification to "top down" claims, as appears in MONY's proposed order, because it is the Complaint (which is comprised of just such "top down" claims) which determines the nature of the action and the form of the claims. Plaintiff admits so much in arguing in its Memorandum of Law the practicality of class actions to adjudicate a "single fraudulent scheme" as has been alleged against MONY. MONY's language is, therefore, redundant.

The parties have both offered proposed Orders of certification, which are, to a great extent, identical. The parties agree, for instance, that the law firm of Milberg Weiss Bershad Hynes & Lerach LLP should act as "lead counsel" (although MONY has expressed its reservations concerning the several other firms which have appeared in plaintiff's favor). The parties are directed to prepare orders for settlement which provide for notice

8

to all class members of the pendency of the case, the form of the notice to be determined between the parties after certification. The order shall not contain any injunction against further or pending suits, nor any language limiting the nature of the claims already contained in the Complaint.  In all other respects, it appears that the parties are in agreement, and shall produce an order reflecting that fact.

Accordingly, the motion seeking class certification is granted.

Settle order.

Dated:    June  17  ; 1996.

J. S. C.

FILED

AUG 2 1 1996

COUNTY CLERKS OFFICE
NEW YORK

9